423 A.2d 331

### In re ESTATE of Donald SMITH, Deceased (two cases).

### Appeal of MELLON BANK, Executor Trustee of the Estate of Donald Smith.

### Appeal of Zella SMITH and Donald Smith.

Supreme Court of Pennsylvania.

Argued March 10, 1980.

Decided July 3, 1980.

Reargument Denied Jan. 8, 1981.

John N. Scales, Scales & Shaw, Greensburg, for appellants at No. 26.

Thomas R. Ceraso, Greensburg, for Victor P. Smith.

George A. Conti, Jr., Greensburg, for Albert Smith.

James R. Silvis, Greensburg, for Ralph L. Smith.

L. E. Moore, Bernard F. Scherer, Lightcap, McDonald & Moore, Latrobe, for Mellon Bank, N. A.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This is an appeal from a decree entered in the Court of Common Pleas of Westmoreland County, Orphans' Court division, awarding certain claims against the estate of Donald Smith.

Decedent, Donald Smith, died on November 26, 1973, testate. The will was timely offered for probate and letters testamentary granted thereafter to Mellon Bank, N.A., successor to Mellon National Bank and Trust Company, executor named in the will. Claims were subsequently filed against the estate by Victor P. Smith, Ralph L. Smith and Albert Smith, brothers of decedent and appellees herein. Appellees' claims alleged, essentially, that certain transactions had been consummated during testator's lifetime among testator, appellees, and others, the effect of the transactions being as follows: that certain realty ostensibly the property of testator at his death was in fact jointly owned, either as partners or as tenants in common, by testator and various of the claimants; and that certain monies, consideration for or fruits of said transactions, not paid by testator during his lifetime, were owing to claimants by the estate.

Responsive pleadings were filed by the estate and by heirs of the estate, and the cause came on for hearing on August 25, 1976. Subsequent to a request by the Orphans' Court for suggested findings of fact and conclusions of law made to all parties, the court, on July 11, 1978, entered a decree awarding the claims. Exceptions were filed by the estate and certain heirs of the estate, and were argued. On January 24, 1979, the Orphans' Court entered a final decree dismissing the exceptions and awarding the claims. Hence this appeal.[1]

Appellants now advance three questions for our resolution:

---

1. Two heirs of the estate have separately appealed, but have filed no brief, joining in the brief filed by the estate.

"1. May parties whose interests are adverse to the decedent or to whom decedent's interest pass, testify as to the genuineness and authenticity of decedent's signature on documents offered into evidence for the purposes of establishing a claim against the decedent's estate?

"2. May testimony of claimant's witnesses, the substance of which serves to expand by parol the written and plain meaning of documents, be barred by the parol evidence rule?

"3. May parties, whose interests are adverse to the decedent or those to whom the decedent's interest pass, testify as to the genuineness and the authenticity of such documents offered into evidence in contravention of the applicable statute of frauds?"

■ We note initially, however, that the brief filed by the estate, and joined in by certain of the heirs, is utterly inadequate to present any issues for review. Appellant's brief contains not a single reference to the record in the court below, nor is there any but the most general allusion to the location of the occurrence of alleged error.[2]

2. Pa.R.A.P. 2116(c) provides as follows:

"Statement of place of raising or preservation of issues. Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify:

"(1) The state of the proceedings in the court of first instance, and in any appellate court below, at which, and the manner in which, the questions sought to be reviewed were raised.

"(2) The method of raising them (e. g. by a pleading, by a request to charge and exceptions, etc.).

"(4) Such pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears (e. g. ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal.

"Where the portions of the record relied upon under this subdivision are voluminous, they shall be included in an appendix to the brief, which may, if more convenient, be separately presented."

Pa.R.A.P. 2118(e) provides:

"Statement of place of raising or preservation of issues. Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross reference to the page or pages of the statement of the case which set

182

Our review of the record, in the absence of specific reference by appellants, convinces us appellants' claims of error are without merit.

 Decedent's signature on certain documents was authenticated by parties possessing no interest adverse to the estate: decedent's daughter, an heir, and decedent's brother-in-law, not a taker under the will. We find therein no violation of the Dead Man's Act, Act of May 23, 1887,.P.L. 158, § 5(e), 28 P.S. § 322. (Substantially re-enacted as 42 Pa.C.S.A. § 5930.)

 Similarly, we find no merit in appellants' claim that certain of the claimants' witnesses testified in violation of the parol evidence rule. Lacking any reference by appellants to the allegedly offensive testimony, our review demonstrates that such parol evidence relative to written instruments as was admitted was for the limited purpose to applying a description to realty conveyed. Such testimony is admissable. *Suchan v. Swope*, 357 Pa. 16, 53 A.2d 116 (1947).

Finally, and again lacking the benefit of any advocacy by appellants, we perceive no instances of violations of the Statute of Frauds in the instant record.

Decree of the Orphans' Court is affirmed.

Both parties to pay own costs.

forth the information relating thereto required pursuant to Rule 2116(c) (statement of place of raising or preservation of issues), or substantially the same information."