460 A.2d 814

**COMMONWEALTH of Pennsylvania**

v.

**Robert HOOVER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1981.

Filed May 13, 1983.

Petition for Allowance of Appeal Denied Oct. 3, 1983.

John J. Fioravanti, Assistant Public Defender, Doylestown, for appellant.

Michael S. Goodwin, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

160

WATKINS, Judge:

This case concerns the defendant-appellant's claim that he cannot be retried because to do so would subject him to double jeopardy.

The defendant was charged with rape, robbery, burglary, theft, simple assault, indecent assault, terroristic threats, recklessly endangering, and possession of instruments of crime. All of the charges arose from an incident occurring on July 16, 1980. Trial by jury commenced on January 27, 1981. On January 31, 1981, the court below declared a mistrial after the jury stated that it was deadlocked.[1] The defendant then filed a motion to dismiss the charges based on the principles of double jeopardy and collateral estoppel. On February 19, 1981, the court below denied the defendant's motion to dismiss. The defendant then appealed.

The prohibition against double jeopardy requires the discharge of a defendant whose jury is dismissed absent a showing of manifest necessity. *U.S. v. Perez*, 22 U.S. 579, 6 L.Ed. 165 (1924). When a jury cannot agree on a verdict a mistrial must be declared and the jury dismissed. Such a situation constitutes a "manifest necessity". *U.S. v. Corbitt*, 368 F.Supp. 881 (E.D.Pa.1973). The length of time for jury deliberations, prior to the time when a mistrial may be declared, must be decided on a case by case basis because the trial of criminal cases involves a host of variables which precludes the mechanical formulation of predetermined periods of time for the jury's deliberations. Thus, the length of time for jury deliberations is left to the sound discretion of the trial judge. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *U.S. v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *Commonwealth v. Monte*, 459 Pa. 495, 329 A.2d 836 (1974).

In determining whether a mistrial should be declared, the trial court must be careful not to deprive the defendant

1. The jury reached a verdict of not guilty on the burglary charge and theft by unlawful taking charges. Said verdicts were recorded, but a mistrial was declared on the other charges.

of his right to a trial by jury by either discharging the jury prematurely or, on the other hand, by coercing the jury to arrive at a verdict. *Commonwealth v. Baker*, 413 Pa. 105, 196 A.2d 382 (1964).

In the instant case, the trial took place over three days. The issues were relatively simple in that the jury's decision would rest primarily on its evaluation as to the credibility of the various conflicting witnesses. After six hours of deliberation, the jury announced that it had arrived at a verdict on the theft and burglary charges, but that it was deadlocked on the others. The court then sent the jurors back to deliberate. Three hours later the court asked the jurors whether it would be productive to deliberate further. The response was that, "there is always the possibility that it can be resolved". The court then sent the jury back to deliberate further. Forty-five minutes later, the jury stated that they were "hopelessly deadlocked" and that, "All productive discussion has ceased and further deliberation is fruitless". The court then declared a mistrial and discharged the jury.

In *Commonwealth v. Howard and Banks*, 233 Pa.Superior Ct. 496, 335 A.2d 489 (1975), we discussed the various factors involved in deciding whether to grant a mistrial because the jury was deadlocked. We noted in that case that "the primary element in judging whether a jury is really deadlocked is the firmness of its communication to the court that it is deadlocked and the judge's belief that such is the case". In our case, the jury was most firm and direct in communicating to the court that it was "hopelessly deadlocked", that "productive discussions" had ceased, and that further deliberation would be "fruitless". The length of time a jury has deliberated on a case is not the sole criteria for determining whether it is hopelessly deadlocked. *Commonwealth v. Howard and Banks*, supra. In a case such as ours where the issues revolve, for the most part, on the witnesses' credibility and where the jury has definitely expressed its inability to reach a verdict to the trial court, we hold that the trial court did not abuse its discretion in

granting the mistrial. See *Commonwealth v. Monte,* 459 Pa. 495, 329 A.2d 836 (1974) where six hours of deliberation by a jury was held to be sufficient for the court to declare a mistrial due to a deadlocked jury.

Accordingly, we affirm the order of the court below and remand the case to the court below for a new trial. This Court relinquishes jurisdiction.