534 A.2d 110

Douglas P. PAINTER and Joann Painter, His Wife, Appellants

v.

PENNSYLVANIA ELECTRIC COMPANY.

Superior Court of Pennsylvania.

Argued Aug. 25, 1987.

Filed Nov. 16, 1987.

Eugene J. Brew, Jr., Erie, for appellants.

Timothy M. Sennett, Erie, for appellee.

Before ROWLEY, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

In this appeal Appellants seek a new trial on the grounds that the trial court erred in refusing to charge the jury on absolute liability and in allowing certain testimony by Appellee's expert witness. We find no merit in Appellants' position and affirm.

On August 31, 1982, Appellee, Pennsylvania Electric Company, and its subcontractors were engaged in excavation in front of Appellants' building in downtown Erie. Appellee was utilizing a Horam Model 7000B tractor-mounted pneumatic pavement breaker. Shortly after the excavation had commenced, Appellants complained that Appellee's

excavation activities were disturbing Appellants' building. Appellee's crew chief entered the building and felt the vibrations in the floor caused by the operation of the pavement breaker. Thereafter the excavation was discontinued until approximately two days later when the crew resumed excavating with a smaller pavement breaker. Appellants made no further complaints.

Subsequently Appellants instituted this action in trespass which resulted in a jury verdict in favor of Appellee. Appellants then filed a Motion for Post–Trial Relief which was denied by the Court of Common Pleas of Erie County. Hence this appeal.

Appellants' first contention is that the lower court should have instructed the jury on absolute liability for ultra-hazardous activity.

In order to preserve for appellate review any claim of error in the trial judge's instructions to the jury, a party must specifically object to the charge when given at trial. Failure to do so results in a waiver of any claim of error in the charge. Pa.R.A.P. 302(b); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 260, 322 A.2d 114, 117 (1974); *Wilkerson v. Allied Van Lines*, 360 Pa.Super. 523, 537, 521 A.2d 25, 32 (1987). The complaining party is further required to set forth in both the statement of the case and in the argument of the appellate brief reference to the place in the record where the issue presented for decision on appeal has been raised or preserved below. Pa.R.A.P. 2117(c)(4), Pa.R.A.P. 2119(e); *In re Estate of Smith*, 492 Pa. 178, 181, 423 A.2d 331, 333 (1980).

In the instant case Appellants in their brief claim to have submitted a point for charge on absolute liability which was rejected by the trial judge. Appellants also maintain that they took exceptions to the charge. As Appellants have furnished this Court with an inadequate record, we are unable to ascertain that the challenge to the charge was properly preserved. The transcripts which Appellants have supplied to this Court contain neither the trial judge's charge to the jury nor any objections or exceptions by Appellants thereto. Moreover, while the record includes

written points for charge filed by Appellants several days after the jury rendered the verdict, the Appellants have failed to satisfactorily demonstrate that the points were submitted to the trial court in a timely manner at trial. Consequently Appellants have failed to show that they have properly preserved any claim of error in the charge to the jury. Any challenge based on this issue has been waived.

■ Assuming *arguendo* that Appellants had properly preserved their claim of error in the instructions to the jury, their argument is nevertheless unpersuasive.

In the Restatement (Second) of Torts §§ 519–524 A (1977) the phrase abnormally dangerous activity is substituted for the term ultrahazardous activity found in the Restatement of Torts §§ 519–524 (1938). The Restatement (Second) of Torts § 519, approved by this Court in *Albig v. Municipal Authority of Westmoreland County,* 348 Pa.Super. 505, 502 A.2d 658 (1985), states:

(1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.
(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

Restatement (Second) of Torts § 519 (1977).

In ascertaining whether an activity shall be deemed abnormally dangerous, Section 520 lists the following factors to be considered:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;
(b) likelihood that the harm that results from it will be great;
(c) inability to eliminate the risk by the exercise of reasonable care;
(d) extent to which the activity is not a matter of common usage;
(e) inappropriateness of the activity to the place where it is carried on;  and

(f) extent to which its value to the community is out-weighed by its dangerous attributes.

Restatement (Second) of Torts § 520 (1977).

Our analysis of the facts of the case at bar leads us to conclude that Appellants have failed to substantiate their claim that the utilization of the pavement breaker is an abnormally dangerous activity. Trial testimony indicated that the use of the pavement breaker does not cause any unusually violent or hazardous vibrations and is a common means of excavation to reach underground pipes. Uncontradicted testimony further revealed that Appellee was not aware of any previous complaints of similar damage.

As the most learned trial judge correctly noted, pavement breaking is a common activity employed to excavate streets to reach underground pipes and lines. Appellee's former division superintendent of operations testified that the pavement breaker here under review was an appropriate machine for the job. He approved the use of the Model 7000 B after taking into consideration the nature of the work to be performed, the type of soil involved, and the surrounding locale at the excavation site. He further testified, without contradiction, that he had never been made aware of any prior allegations by homeowners in the downtown Erie area of structural damage to their homes caused by vibration from the use of backhoe mounted pavement breakers.

Appellants' expert testified that, in his opinion, the damage to Appellants' building was caused by the use of the Model 7000 B Horam machine. He expressed no opinion, however, concerning the appropriateness of the use of the Model 7000 B. In fact, he stated that it was a common piece of equipment in the heavy construction industry.

Were we to consider the factors set forth in Section 520 of the Restatement (Second) as a guide to determine whether the pavement breaking activity here involved should be deemed abnormally dangerous, we would be unable to conclude that any of the factors set forth above are satisfied in this case. From the record, we would find neither a high

degree of risk of some harm to the surrounding buildings, nor the likelihood that the harm that might result would be great. The use of pavement breakers is a matter of common usage and entirely appropriate in the place where it was carried on.

Finally, we would conclude, as did the Honorable Richard L. Nygaard, that the excavation of city streets for the purpose of replacing or repairing steam lines underneath has great utilitarian value to the community, far outweighing any supposed danger attributable to the use of a backhoe mounted pavement breaker.

Finding none of the factors to weigh on the side of abnormally dangerous activity, the trial judge committed no error in refusing to instruct the jury on absolute liability. *Albig v. Municipal Authority of Westmoreland County, supra*; Restatement (Second) of Torts §§ 519, 520.

■ Appellants next contend that Appellee's expert witness should not have been allowed to testify and give opinions beyond the scope of his submitted written report. Pennsylvania Rule of Civil Procedure 4003.5, governing the discovery of expert witnesses, "favors liberal discovery of expert witnesses and disfavors unfair and prejudicial surprise." *Augustine v. Delgado*, 332 Pa.Super. 194, 199, 481 A.2d 319, 321 (1984). Specifically, Pa.R.C.P. 4003.5(c) provides as follows:

To the extent that the facts known or opinions held by an expert have been developed in discovery proceedings under subdivision (a)(1) or (2) of this rule, his direct testimony at the trial may not be inconsistent with or go beyond the fair scope of his testimony in the discovery proceedings as set forth in his deposition, answer to an interrogatory, separate report, or supplement thereto. However, he shall not be prevented from testifying as to facts or opinions on matters on which he has not been interrogated in the discovery proceedings.

Pa.R.C.P. 4003.5(c).

Furthermore, under Pennsylvania case law, it is well settled that the admission of expert testimony is a matter

within the broad discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *Klyman v. Southeastern Pa. Transp. Auth.*, 331 Pa.Super. 172, 177, 480 A.2d 299, 302 (1984).

Appellants herein contest the testimony of Dennis Roth, Appellee's expert witness. Appellants contend that:

[o]n direct examination, Roth was asked if any damage to the ceiling in the first floor secretary's office could be attributable to the activities of Penelec on August 31, 1982, and he responded, "No."

Brief for appellant at 15.

Appellants also assail the following testimony by Roth:

Q. Mr. Roth, in your opinion, did any work performed on Sassafras Street on August 31 of 1982 structurally damage the basement walls of the Painter building?

A. No, they did not.

Q. Mr. Roth, in your opinion, did any activity that took place on August 31 of 1982 on Sassafras Street structurally damage any other portion of the Painter building?

A. No, it did not.

N.T., 6/18/86 at 57.

Based on the above excerpts Appellants conclude that Roth gave opinions that went well beyond the scope of his submitted written report. Our review of Roth's testimony and his pre-trial report reveals that the testimony presented at trial and objected to by Appellants was well within the scope of the contents of the pre-trial report.

In the pre-trial report, Roth concludes as follows:

However, *the construction work performed by Pennelec (sic) in the summer of 1982 is not the reason for this less than adequate rating.* Even buildings that have been meticulously maintained deteriorate. This building is very old and has been only marginally maintained. That is the reason for this rating.

. . . . . . .

There is no doubt that repairs to the basement walls of this building are necessary. *However, there is no less*

*doubt that equal repairs were required to the basement walls of the building in August 1982.*

(emphasis added).

This report, provided to Appellants well in advance of the trial date, clearly resulted in no prejudice or surprise to Appellants. On the contrary, the report undoubtedly put Appellants on notice that Appellee denied responsibility or liability for the damage which according to Appellants was caused by Appellee's excavation activities. The report also evidenced Appellee's position that such damage could have stemmed from any number of other sources. This is especially evident by the statements emphasized in the above excerpts from the report.

In our view, the pre-trial report fairly encompassed the testimony of Appellee's witness. Consequently, there has been neither a violation of Pa.R.Civ.P. 4003.5 nor an abuse of discretion by the court below. Therefore, we find no basis for granting Appellant relief on this issue.

Judgment affirmed.