563 A.2d 155

**Barbara HICKMAN, Administratrix of the Estate of Thomas Hickman, Deceased, and Barbara Hickman, in her own right**

v.

**FRUEHAUF CORPORATION, a corporation, Appellant.**

Superior Court of Pennsylvania.

Argued March 28, 1989.

Filed Aug. 17, 1989.

456

Arthur L. Schwarzwaelder, Pittsburgh, for appellant.
John A. Bacharach, Pittsburgh, for appellee.

Before BROSKY, WIEAND and MELINSON, JJ.

WIEAND, Judge:

On June 28, 1983, Thomas Hickman took delivery of a used flatbed trailer which he had purchased from Fruehauf Corporation. At or about 6:20 a.m. on the following day, while carrying a load of steel, Hickman's tractor-trailer left the surface of Interstate Route 76 in the state of Indiana

and crashed. Hickman was killed. His widow, Barbara Hickman, commenced wrongful death and survival actions against Fruehauf Corporation, alleging that her decedent's fatal accident had been caused by a missing slider pin in the trailer. A jury returned a plaintiff's verdict awarding damages in the amount of Four Hundred Four Thousand ($404,-000) Dollars, which the court reduced to Three Hundred Eighty–Two Thousand, Five Hundred ($382,500) Dollars to reflect No-fault benefits previously paid. Subsequently, delay damages were added in the amount of One Hundred Seventeen Thousand, Nine Hundred Thirty–Seven ($117,-937) Dollars. After post-trial motions had been dismissed, judgment was entered. Fruehauf Corporation appealed.

The case took almost five days to try. After the jurors had been deliberating for more than four hours, they informed the trial court that they were deadlocked. The trial court, in the presence of counsel for both sides, instructed the jury on the importance of trying to agree on a verdict. In so doing, the court referred, inter alia, to the expense of trial, saying:

> I am sure you understand the cost involved for both parties. You have seen all the depositions, so, you can see where some of the witnesses are from and it has been an expensive proposition. Also, I am sure you understand the expense to the taxpayers of which the twelve of you are part of that body. . . .

> The consequence would be this: If you cannot reach an agreement, I am required by law to declare a mistrial, and this case would have to start all over again. So, I am sure you can see the importance to everybody, plus the system.

On appeal, Fruehauf Corporation argues that it was improper for the trial court, in urging the jury to agree on a verdict, to refer to the cost of litigation to the parties and the public. We disagree.

It has long been the view in this Commonwealth that "[i]t is entirely proper for a trial judge, in an endeavor to prevent another long and expensive trial, to admonish a

jury as to the propriety and the importance of agreeing on a verdict." *Commonwealth v. Ross,* 190 Pa.Super. 145, 153, 152 A.2d 778, 782 (1959), quoting *Commonwealth v. Campbell,* 116 Pa.Super. 180, 189, 176 A. 246, 250 (1935). See also: *Girard Trust Co. v. Page,* 282 Pa. 174, 127 A. 458 (1925); *Knickerbocker Ice Co. v. Pa. R.R.,* 253 Pa. 54, 97 A. 1051 (1916). But see: *Miller v. Miller,* 187 Pa. 572, 41 A. 277 (1898). Neither the parties nor our own research, however, has disclosed a Pennsylvania appellate court decision resolving the specific issue of whether it is error for a trial court to make reference to the cost of litigation to the parties and the public when giving a verdict-urging instruction to the jury. Nevertheless, the weight of authority in other jurisdictions is that such an instruction is appropriate.

> In a number of cases approving the use of verdict-urging instructions, courts have clearly recognized that it is not objectionable in itself for a trial judge to instruct the jury as to the desirability and importance of agreement, by reference to the expense of litigation to the parties and to the public, such as the cost of preparing and trying the case and the expenses arising from a retrial in the event of a failure to reach a verdict.

Anno., Verdict–Urging Instructions in Civil Case Stressing Desirability and Importance of Agreement, 38 A.L.R.3d 1281, 1305 (reviewing cases). We conclude that this is the better view and adopt it. The instructions of the trial court urging the jury to agree upon a verdict in the instant case were impartial and were not unduly coercive. We find nothing therein to suggest that the expense of a second trial would lie more heavily on the plaintiff than on the defendant.

■ Appellant's second assignment of error pertains to the testimony of Dr. Dennis Guenther, who was called as an expert witness by the plaintiff. The defendant-appellant contends that his testimony on the issue of liability should have been excluded because it exceeded the scope of his written report. The proper inquiry in such a case

"... is whether there has been surprise or prejudice to the party which is opposing the proffered testimony of the expert, based upon any alleged deviation between the matters disclosed during discovery, and the testimony of such expert at trial." *Trent v. Trotman,* 352 Pa.Super. 490, [502], 508 A.2d 580, 587 (1986); *Augustine v. Delgado,* 332 Pa.Super. 194, 481 A.2d 319 (1984). As we explained in *Wilkes–Barre Iron v. Pargas of Wilkes–Barre,* 348 Pa.Super. 285, [290], 502 A.2d 210, 212–13 (1985):

> [I]n deciding whether an expert's trial testimony is within the fair scope of his report, the accent is on the word "fair." The question to be answered is whether, under the particular facts and circumstances of the case, the discrepancy between the expert's pretrial report and his trial testimony is of a nature which would prevent the adversary from preparing a meaningful response, or which would mislead the adversary as to the nature of the appropriate response.
>
> . . . .
>
> "Fair scope" contemplates a reasonable explanation and even an enlargement of the expert's written words.

An expert's report is adequate to allow examination on a particular issue at trial when the report provides sufficient notice of the expert's theory to enable the opposing party to prepare a rebuttal witness. *Martin v. Johns–Manville Corporation,* 322 Pa.Super. 348, 469 A.2d 655 (1983) [*vacated,* 508 Pa. 154, 494 A.2d 1088 (1985)].

*Millard v. Nagle,* Pa.Super. (J. 97010/88; filed June 2, 1989). See also: *Painter v. Pennsylvania Elec. Co.,* 368 Pa.Super. 334, 534 A.2d 110 (1987).

Our review of the record discloses no error or abuse of discretion and no unfairness in the trial court's ruling. That court, in its opinion responding to post-trial motions, satisfactorily answered appellant's argument in the following manner, which we adopt.

[Appellant] claims that [the trial] Court erred in permitting Dr. Guenther to testify that the rear tandem wheels of the trailer shifted after it went off the road, and that the absence of a slider lock pin caused the accident. During his testimony, Dr. Guenther referred to two (2) accident scene photographs taken by the Indiana State Police. [Appellant] sought to bar this testimony because the photographs were not mentioned in Dr. Guenther's report. [Appellant] claims that it was surprised by this testimony, and that it was unable to make a meaningful response.

An examination of the record, however, reveals that the Indiana State Police photographs were a part of Dr. Guenther's report. In fact, the report consisted of approximately one hundred photographs and four typewritten pages. The report states that the absence of the locking pin would cause a control problem either directly or indirectly when trying to regain control of the unit during steering. After review of the record, this Court concluded that Dr. Guenther's report fairly stated the substance of the facts and the opinions about which he testified. Further, the defense was aware of the photographs as they were attached to its own expert's report, and had an opportunity to rebut or make other meaningful response to Dr. Guenther[']s testimony through its own experts.

■ Appellant's final contention is that delay damages should not have been awarded where, as here, neither party had delayed trial. It is now clear, however, that appellant's contention is without merit. Following the amendment of Pa.R.C.P. 238, the Superior Court held in *Miller v. Wise Business Forms, Inc.,* 381 Pa.Super. 236, 553 A.2d 443 (1989), that "where, as here, the defendant has not made the requisite settlement offer [pursuant to Rule 238(b)(1) ] and the plaintiff has not caused delay of the trial, [as noted in Rule 238(b)(2) ] the defendant is liable for delay damages." *Id.,* 381 Pa.Superior Ct. at 240, 553 A.2d at 446. We perceive no valid reason for interpreting differently the

principles for awarding delay damages announced in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986). We conclude, therefore, that the trial court did not err when it awarded delay damages in this case where the defendant-appellant made no offer of settlement prior to trial.

Judgment affirmed.