## Gebert v. Kane Freight Lines Inc.

418

C.P. of Lackawanna County, no. 98-CV-2472.

*Donald J.* and *Sharon Gebert,* pro se.
*Marianne Gilmartin,* for defendant.

NEALON, *J.,* June 14, 2002—Plaintiffs Donald J. Gebert Jr. and Sharon L. Gebert have filed a motion for post-trial relief following a jury verdict in favor of defendant Kane Freight Lines Inc. on March 26, 2002. The Geberts contend that the jury should have been declared deadlocked and a mistrial granted since the jurors' deliberations spanned eight hours over a two-day period. In the alternative, the Geberts challenge the weight and sufficiency of the evidence and seek judgment in their favor or a new trial on all issues. Since the jury never indicated that it was hopelessly deadlocked and instead continued to request and review trial exhibits during its deliberations, the verdict was not the product of coercion or fatigue and a mistrial was not warranted. Furthermore, inasmuch as the jury accepted Kane's testimony as credible and resolved the conflicting trial evidence in Kane's favor, the verdict was not so contrary to the weight of the evidence as to shock one's sense of justice. Additionally, viewing the evidence in a light most favorable to Kane as the verdict winner, the evidence was likewise sufficient to sustain the defense verdict.

## I. FACTUAL BACKGROUND

The Geberts commenced this action by the filing of a pro se complaint charging Mr. Gebert's former employer, Kane, its corporate counsel and vice-president with libel, "retaliation" and wrongful discharge. By memorandum and order dated July 12, 1999, Mr. Gebert's defamation claim, Mrs. Gebert's claim for emotional damages and the Gerberts' demand for punitive damages were dismissed pursuant to Pa.R.C.P. 1028(a)(4). See *Gebert*

*v. Granahan,* 101 Lacka. Jur. 75 (1999). However, since Mr. Gebert had alleged that he was terminated from his at-will employment as a truck driver with Kane in retaliation for filing an unemployment compensation claim, see *Highhouse v. Avery Transportation,* 443 Pa. Super. 120, 126, 660 A.2d 1374, 1377-78 (1995) (an at-will employee may recover for wrongful discharge if [s]he is fired for attempting to collect unemployment compensation benefits), we declined to dismiss Mr. Gebert's retaliatory discharge claim and Mrs. Gebert's derivative cause of action for loss of consortium. *Gebert,* 101 Lacka. Jur. at 82-85, 87-88.

On October 20, 1999, the Geberts' trial counsel entered his appearance and this matter was subsequently certified as ready for trial on December 13, 2001. (See docket entry nos. 63, 67.) A jury trial was conducted from March 20, 2002, to March 26, 2002, at which time testimony was received from the Geberts, Trooper Richard Janesko, Lawrence Catanzaro, Mary Lou Gawrys, Michael Maroni, Sean T. Granahan, Esquire, and William Campbell, and 56 exhibits were introduced into evidence. During the trial, Kane argued that Mr. Gebert had been discharged because of his abusive behavior, profanity-laced tirades, confrontational attitude with co-workers and customers, and violation of company safety policy and maintained that Gebert's uncontested receipt of unemployment compensation benefits played no role in his termination.

The jurors began their deliberations at 12:25 p.m. on March 25, 2002, and during the next several hours, they periodically requested certain exhibits as they continued to discuss the case. (See transcript of proceedings on 3/

25/02, pp. 32-54.) At approximately 4:45 p.m., the jury indicated that it had reached an impasse in its deliberations, but did not suggest that it was hopelessly deadlocked. (*Id.* pp. 60-64.) For that reason, the jury was excused for the day with an instruction to return the following morning to resume deliberations. (*Id.* pp. 65-67.)

Because of inclement weather and the jury's request that it be recharged on the elements of a wrongful discharge claim, the jury did not resume deliberations on March 26, 2002, until almost 11 a.m. (See T.P. on 3/26/02, pp. 2-19.) During the next three hours, the jurors requested various exhibits on two separate occasions. (*Id.* pp. 19-32.) Less than 30 minutes after its final request for a trial exhibit, the jury advised the court that it had reached a verdict and was, therefore, returned to the courtroom at 2:42 p.m. so that the verdict could be announced. (*Id.* p. 32.) In response to special verdict interrogatories, the jury found that Mr. Gebert had not been discharged by Kane in retaliation for filing an unemployment compensation claim and thereby returned a verdict in favor of Kane. (*Id.* pp. 33-37.)

On April 2, 2002, the Geberts filed a pro se motion for post-trial relief pursuant to Pa.R.C.P. 227.1. (See docket entry no. 73.) Although Pa.R.C.P. 227.1(f) required the Geberts to serve their post-trial motion promptly upon the trial judge, they neglected to do so until April 24, 2002.[1] The Geberts likewise failed to comply with

---

1. Lacka. Cty. R.C.P. 227.1(b) obligates a party who has filed a post-trial motion to serve the trial judge with a copy "prior to or immediately after the time the document is filed in the office of the clerk of judicial records." Hence, the Geberts' motion should have been provided to the court on April 2, 2002.

Pa.R.C.P. 227.3 and Lacka. Cty. R.C.P. 263 by designating those portions of the trial record which needed to be transcribed and by furnishing the court reporter with a down payment for the transcript. Consequently, by order dated April 25, 2002, the Geberts were directed to serve a transcript request upon the stenographer within five days and to make the appropriate payment as required by Local Rule 263. (*Id.* no. 75.) In addition, since Pa.R.C.P. 224(1)(b) entitles the non-moving party to enter judgment on the verdict if the trial judge fails to decide the post-trial motion within 120 days of its filing, see *e.g. Marsico v. DiBileo,* 796 A.2d 997, 999 (Pa. Super. 2002), the Geberts were ordered to file their supporting brief by no later than May 13, 2002, with Kane's brief being due on June 3, 2002, and oral argument being conducted on June 13, 2002. (*Id.* p. 3.)

The Geberts never requested transcription of the trial record in accordance with Pa.R.C.P. 227.3, nor did they file a supporting brief by May 13, 2002. On May 31, 2002, Kane filed a motion to dismsiss the Geberts' motion for post-trial relief for failure to comply with the order of April 25, 2002. (See docket entry no. 78.) The Geberts did not file an answer to Kane's motion to dismiss and subsequently failed to even appear for the scheduled oral argument on June 13, 2002. (See T.P. on 6/13/02, pp. 4-6.)

In their post-trial motion, the Geberts seek a new trial on the grounds that the jury should have been declared deadlocked and a mistrial granted due to the length of the jurors' deliberations. (See plaintiffs' motion for post-trial relief, ¶¶1-2.) The Geberts also challenge the weight and sufficiency of the evidence and request judg-

ment in their favor or a new trial on all issues. (*Id.* ¶¶3-21.) In that regard, the Geberts contend that "[t]here was definitely a conflict of evidence on the material fact(s) surrounding the wrongful discharge/retaliatory discharge," "that a majority of the jury has erred in assessing credibility of [Kane's] witnesses and documentary evidence" and that "[t]he verdict is conjectural, as it is based solely on oral testimony of [Kane's] witnesses and in direct conflict to the documents that were admitted into evidence." (*Id.* ¶¶7, 14, 18.) Kane denies the Geberts' allegations and further asserts that it cannot intelligently respond to the Geberts' arguments since they failed to comply with Pa.R.C.P. 227.1(b)(2) by adequately specifying their grounds for post-trial relief and Pa.R.C.P. 227.3 by requesting transcription of the relevant record. Although we agree that the Geberts' violation of those rules hinders our ability to decide the instant motion, we will nevertheless address the merits of the Geberts' contentions.[2]

2. It is unclear whether the Geberts' post-trial motion could be dismissed based upon their failure to request and pay for the transcript and to file a supporting brief. Compare *Summers v. Giant Food Stores Inc.,* 37 D.&C.4th 70, 74-75 (Dauph. Cty. 1997) (ordering movant to pay court reporter for entire transcript or suffer dismissal of post-trial motions); *Bannister v. Owens-Corning Fiberglas,* 32 Phila. 262, 264 (1995) (dismissing plaintiffs' post-trial motion for failure to pay court reporter for cost of transcript) with *Schulz v. Celotex Corp.,* 447 Pa. Super. 391, 392-93, 669 A.2d 404, 405 (1996) (dismissal of post-trial motions for failure to file brief within time required by local rule was prohibited under Pa. R.C.P. 239(f)); *Davison v. John W. Harper Inc.,* 342 Pa. Super. 560, 566, 493 A.2d 732, 735-36 (1985) (trial court's summary dismissal of post-trial motions was improper even though the movant did not comply with local rule requiring transcription of trial record since non-moving party had not demonstrated overt prejudice and trial court was not deprived of meaningful opportunity to weigh and decide merits of motions).

## II. DISCUSSION

### (A) *Denial of Mistrial*

The Geberts assert that a mistrial should have been declared since the jury had deliberated for more than eight hours over a two-day period prior to reaching a verdict. In a civil case, the question of how long a jury may deliberate when it is experiencing difficulty in reaching an agreement is a matter within the sound discretion of the trial judge. See Feldman, *Pennsylvania Trial Guide* § 13.9 at 558 (2d Rev. Ed.). A trial judge's refusal to terminate jury deliberations by declaring a mistrial "will not be disturbed absent an abuse of discretion or evidence that the verdict was the product of coercion or an overworked or fatigued jury." *Commonwealth v. Johnson,* 542 Pa. 384, 407, 668 A.2d 97, 108 (1995).

The trial court is not obligated to grant a mistrial merely because of the duration of the jury's deliberations, particularly where the jury does not affirmatively indicate that further deliberations will be futile. *Commonwealth v. Jones,* 340 Pa. Super. 448, 452, 490 A.2d 863, 866 (1985) (court did not abuse its discretion in allowing jury to deliberate for 12 hours over two days). The Pennsylvania appellate courts have cautioned that "[t]he length of time a jury has deliberated on a case is not the sole criteria for determining whether it is hopelessly deadlocked" and that "the primary element in judging whether a jury is really deadlocked is the firmness of its communication to the court that it is deadlocked and the judge's belief that such is the case." *Commonwealth v. Hoover,* 314 Pa. Super. 158, 161, 460 A.2d 814, 816 (1983). See also, *Johnson,* 542 Pa. at 408, 668 A.2d at 108-109 (mis-

trial was not warranted since jury had simply informed the court "that it was *presently* deadlocked" but "did not indicate that it was *hopelessly* deadlocked . . . ."). (emphasis in original)

In the case at hand, the jury deliberated for approximately four hours and 20 minutes before being excused on March 25, 2002. Toward the end of that day, the jury was provided with a "verdict-urging instruction" comparable to that which was approved in *Hickman v. Fruehauf Corp.*, 386 Pa. Super. 455, 458, 563 A.2d 155, 156-57 (1989), *appeal denied,* 528 Pa. 611, 596 A.2d 158 (1991). Including the time which would have been devoted to eating their lunch, the jurors deliberated an additional three hours and 47 minutes on March 26, 2002 before their verdict was announced. At no time prior to reaching a verdict did the jury ever intimate that it was hopelessly deadlocked, and to the contrary, signified that it was making progress as it continued to request and review many of the 56 exhibits which were introduced into evidence during the four days of testimony.

In short, there is no indication in the scant record that the jury verdict was the product of coercion or fatigue. See *Johnson, supra.* Nor is there a scintilla of evidence that the jurors were otherwise influenced by corrupt motives in reaching a verdict. See *Johnson v. Frazier,* 787 A.2d 433, 436 (Pa. Super. 2001) ("Even if affected by the hour of the day, '[t]he motive, if not corrupt, which induces jurors to acquiesce in a verdict is immaterial.' "). Ergo, the Geberts have not established that it was an abuse of discretion to deny their motion for a mistrial.

## (B) *Weight and Sufficiency of Evidence*

The Geberts also challenge the weight and sufficiency of the evidence, albeit without submitting a trial transcript for our review. A litigant may secure a new trial on the basis that the jury's verdict was against the weight of the evidence only if the verdict was so contrary to the undisputed evidence as to shock one's sense of justice. *Davis v. Mullen,* 565 Pa. 386, 390, 773 A.2d 764, 766 (2001); *Rasieleski v. Connor,* 103 Lacka. Jur. 225, 227 (2002). To that end, the verdict must be so shocking as "to make the award of a new trial imperative, so that right may be given another opportunity to prevail." *Vattimo v. Eaborn Truck Service Inc.,* 777 A.2d 1163, 1165 (Pa. Super. 2001), *appeal denied,* 568 Pa. 687, 796 A.2d 319 (2002). Thus, to warrant the grant of a new trial, the evidence supporting the verdict must be "so inherently improbable or at variance with admitted or proven facts or with ordinary experience as to render the verdict shocking to the court's sense of justice." *Rittenhouse v. Hanks,* 777 A.2d 1113, 1119 (Pa. Super. 2001).

A party "is not entitled to a new trial where the evidence is conflicting and the finder of fact could have decided either way." *Fanning v. Davne,* 795 A.2d 388, 393 (Pa. Super. 2002). Nor should a new trial be granted simply because the trial judge, on the same facts, would have arrived at a different conclusion. *Davis, supra; Andrews v. Jackson,* 800 A.2d 959, 962 (Pa. Super. 2002). Rather, it is axiomatic that questions of credibility are to be decided by the jury, which "is entitled to believe all, part, or none of the evidence presented." *Pioneer Com-*

*mercial Funding Corp. v. American Financial Mortgage Corp.,* 797 A.2d 269, 279 (Pa. Super. 2002); *Majczyk v. Oesch,* 789 A.2d 717, 725-26 (Pa. Super. 2001).

A weight of the evidence challenge concedes that there was sufficient evidence to sustain the verdict, but asserts that the verdict was against the weight of the evidence. *Fanning, supra.* Conversely, when reviewing the sufficiency of the evidence, the court "must determine whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the verdict winner, was sufficient to enable the fact-finder to find against the losing party." *Zeffiro v. Gillen,* 788 A.2d 1009, 1013 (Pa. Super. 2001). Consequently, "Judgement n.o.v. may be entered if, after considering only the evidence supporting the verdict and giving the verdict winner the benefit of the doubt, the trial court clearly finds that the movant is entitled to judgment as a matter of law, and the evidence presented at trial was such that no two reasonable minds could disagree that the verdict should be in favor of the movant." *Pioneer Commercial Funding Corp., supra,* 797 A.2d at 279.

The testimony and exhibits introduced at trial reflected that Mr. Gebert was suspended by Kane without pay from April 2, 1997 to April 4, 1997, after he had been involved in an accident on Route 81 on April 1, 1997, when he rear-ended another vehicle. Gebert returned to work on April 5, 1997, and remained employed with Kane until he was terminated on June 25, 1997. In the interim, Gebert had filed a claim for unemployment compensation benefits which Kane originally opposed, but thereafter withdrew its objection and allowed Gebert to seek unemployment compensation benefits.

Gebert argued that his discharge on June 25, 1997, was in retaliation for filing an unemployment compensation claim. However, Kane countered through supporting testimony and evidence that Gebert had been fired since he had become openly hostile toward his supervisors and fellow employees, had engaged in vulgar outbursts and fits of rage in the presence of Kane customers, and had operated Kane trucks so recklessly that Kane had received complaints from police and other motorists. Kane submitted that Mr. Gebert's application for unemployment compensation benefits did not influence its decision to discharge him, as was evidenced by the fact that Kane did not oppose Mr. Gebert's application for and receipt of unemployment compensation benefits after he was terminated on June 25, 1997.

Even the Geberts concede in their post-trial motion that there was "a conflict of evidence on the material fact(s) surrounding the wrongful discharge/retaliatory discharge" of Mr. Gebert. As was their prerogative, the jurors found Kane's witnesses to be credible and rejected the contrary account proffered by Gebert. Since a party is not entitled to a new trial due to a mere conflict in the testimony, see *Fischer v. Troiano,* 768 A.2d 1126, 1129 (Pa. Super. 2001), the Geberts have not established that the verdict was so contrary to the overwhelming weight of the evidence as to shock one's sense of justice. Similarly, viewing the evidence in a light most favorable to Kane as the verdict winner, the evidence was sufficient to enable the jury to find against the Geberts such that they have likewise failed to demonstrate their entitlement to judgment as a matter of law. An appropriate order will follow.

## ORDER

And now, June 14, 2002, upon consideration of the plaintiffs' "motion for post-trial relief pursuant to Pa.R.C.P. 227.1 et seq.," the defendant's response thereto, and the oral argument of counsel for defendant on June 13, 2002, it is hereby ordered and decreed that:

(1) Plaintiffs' motion for a new trial pursuant to Pa.R.C.P. 227.1(a)(1) is denied;

(2) Plaintiffs' motion for the entry of judgment in their favor under Pa.R.C.P. 227.1(a)(2) is denied;

(3) Defendant's motion to dismiss plaintiffs' motion for post-trial relief is dismissed as moot; and

(4) Judgment is entered in favor of the defendant and against the plaintiffs on all claims asserted in this action.