638 A.2d 1006

**COMMONWEALTH of Pennsylvania**

**v.**

**Roderick LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 7, 1994.

Filed March 16, 1994.

David Crowley, Public Defender, Bellefonte, for appellant.

Mark S. Smith, Asst. Dist. Atty., Bellefonte, for Com., appellee.

Before CIRILLO, OLSZEWSKI and HESTER, JJ.

OLSZEWSKI, Judge.

Roderick Lee appeals the judgment of sentence entered against him for rape and involuntary deviate sexual intercourse (IDSI) convictions. Lee was accused of forcibly sodomizing a fellow inmate, sixteen-year-old William Healey, at Rockview State Prison. The evidence, adduced through Healey and other inmates, established that Lee ran a "running game" whereby he befriended and "protected" Healey from ostensible sexual advances by other inmates. The other inmates were part of the ruse, however, and backed off from Healey at Lee's insistence; the purpose of all this was to cajole Healey into sexual relations with Lee. When Healey balked, Lee wanted to fight and told Healey that he could "knock him out and take it [have sex with him]." N.T. 1/27/92, at 25. Lee subsequently sodomized Healey twice and coerced oral sex twice. Healey stated that he submitted to the acts

because, "I was scared. I didn't know what to do if I ever said no to anything. Afraid he would beat the hell out of me or kill me or something." *Id.* at 44. Despite Lee's testimony that he never sodomized Healey, a jury convicted him of the aforementioned crimes.

## I.

Lee argues that the evidence of rape was insufficient because Healey submitted to the sexual acts, thus allowing no inference that there was forcible compulsion. When addressing such a claim, we must view the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Matty*, 422 Pa.Super. 595, 619 A.2d 1383 (1993). It is well-settled that where

a victim is threatened with physical abuse if she [or he] refuses to engage in intercourse with the assailant even to the point where the victim considers it pointless to resist, we have held that such conduct demonstrates the use of force and threat of force sufficiently compelling to meet the statutory threshold of forcible compulsion.

*Commonwealth v. Gabrielson*, 370 Pa.Super. 271, 285, 536 A.2d 401, 407 (1988). Here, not only did Healey feel that it would be pointless to resist Lee's advances, but feared for his life if he did not submit. In fact, it was only after the president of the "Lifers Association at Rockview" assured Healey that he had friends who would "back him up," that he felt comfortable to report the rapes. This evidence is sufficient to prove forcible compulsion beyond a reasonable doubt.

## II.

Lee complains that a floor brush was improperly admitted into evidence against him. Lee concealed a floor brush in his jacket, and revealed it to Healey when he stated that he could have "knocked him out" and had sex with him. Although Healey could not identify the brush as the actual one which Lee brandished during their confrontation, it was similar to it:

Q: Now, do you know whether that's the exact floor brush that you saw that night?

A: No, they all look the same to me.

Q: Okay. Is that the same size and shape?

A: Basically, yes.

N.T. 1/26/92, at 22.

█ Admission of demonstrative evidence is left to the discretion of the trial judge, and it is clear that "there is no requirement that the Commonwealth establish the sanctity of its exhibits beyond a moral certainty." *Commonwealth v. Hudson,* 489 Pa. 620, 631, 414 A.2d 1381, 1387 (1980). "The Commonwealth is not compelled to establish that the particular weapon to be introduced was the actual weapon used in the commission of the crime." *Commonwealth v. Fromal,* 392 Pa.Super. 100, 125, 572 A.2d 711, 724 (1990). All that is required is a "sufficient foundation demonstrating circumstances justifying an inference of the likelihood that the weapon was used in the crime charged." *Id.*

Here, although there is no testimony which tends to establish that the floor brush was the actual one used, Healey's testimony clearly establishes an inference that it was similar to the one used to threaten him. We find that this was a sufficient foundation for the brush's admission. There was nothing peculiar about the brush that was actually used in the confrontation and the Commonwealth merely sought to demonstrate what Healey's characterization of a "floor brush" meant. Admitting the evidence under these circumstances is well within the trial court's discretion.

### III.

Lee also argues that two "letters" were improperly admitted into evidence because he claims that they were not authenticated. We disagree.

█ The first document is a letter written by Lee to an inmate, Louis Jones. The letter is very near unintelligible, but in essence solicits Jones' "help" in preparing Lee's defense

to Healey's accusations. A handwritten document may be authenticated by "the opinion of any person acquainted with the handwriting of the supposed writer." 42 Pa.C.S.A. § 6111. Here, Jones acknowledged that he was familiar with Lee's handwriting and identified the letter as being one which Lee sent to him. This is sufficient to authenticate the letter and its reception into evidence was not an abuse of discretion.

The next "letter" is not a letter at all. It is an unsigned, handwritten affidavit which contains, among others, the assertions "I am a homosexual," and "William Healey is a known homosexual throughout the prison." Shawn Jordan, an inmate, testified that Lee asked him to testify that Healey was a homosexual and known among the prisoners to commit homosexual acts. Lee then sent the letter to Jordan and at some point asked him to rewrite it and sign it. Lee apparently wanted the document to aid in his defense; he could claim that the charges against him were brought by a jilted lover. The Commonwealth wanted the evidence to show that Lee's acts of subornation demonstrated a consciousness of guilt.

Lee contends that the affidavit was not authenticated because Jordan never saw it in Lee's possession and because it took a form different than what he expected—a normal letter, not an affidavit. We reject this argument. A document may be proved by circumstantial evidence. *Commonwealth v. Brooks,* 352 Pa.Super. 394, 508 A.2d 316 (1986). This may be accomplished by "proof of any circumstances which will support a finding that the writing is genuine...." *Id.* at 399, 508 A.2d at 319 (quoting McCormick, *Evidence,* § 222 (E. Cleary 2d Ed.1972)). Jordan claimed that Lee approached him and asked him to testify that Healey was a homosexual. He then received a document purportedly from Lee,[1] who later asked him to rewrite the affidavit and affix his signature. We feel that this testimony is sufficient to authenticate the document

---

1. The record is unclear exactly what Jordan meant when he testified that the letter "was sent to me." N.T. 1/26/92, at 164. Since both Lee and Jordan were inmates of the same prison, it seems unlikely that it would have been sent through regular mail; we expect that he was referring to an intra-prison mail service.

because it embodies exactly what Lee told Jordan it would—factual allegations that Healey was homosexual. Furthermore, Lee himself dispelled any doubt that he actually sent the letter when he asked Jordan to rewrite it.[2] Simply because Lee did not hand deliver the affidavit, or because it was not a personal letter, does not render the document any less authentic. The trial court did not abuse its discretion in accepting the affidavit into evidence.

## IV.

 Finally, our review of the record indicates that the trial court imposed an illegal sentence which must be corrected. It is well established that we must correct an illegal sentence *sua sponte*. *Commonwealth v. Kozrad,* 346 Pa.Super. 470, 499 A.2d 1096 (1985). Lee committed two forcible acts of anal intercourse and two acts of oral intercourse with Healey. Lee was charged with four counts of rape, 18 Pa. C.S.A. § 3121, and four counts of involuntary deviate sexual intercourse (IDSI), *Id.* at § 3123. He was sentenced on all eight counts, although it is clear that Lee achieved only four acts of penetration. This, in our opinion, violates the proscription against imposing multiple sentences for identical crimes.[3]

 Although there has been much dispute in our caselaw regarding multiple sentences for concurrent convictions of rape and IDSI, it cannot be disputed that the double jeopardy clause prohibits the imposition of cumulative punishment for the same offense. *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Adams,* 296 Pa.Super. 24, 442 A.2d 277 (1982).

**2.** Lee did not admit to asking for the rewrite, but Jordan testified that he did. This is sufficient testimony to authenticate the letter. Whether Lee actually made such a request, of course, was a jury question and would affect the weight the jury would give the evidence, not its admissibility.

**3.** Although the trial judge imposed the sentences for rape and IDSI concurrently, there is no question that concurrent sentences are "cumulative" for purposes of the double jeopardy clause. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Commonwealth v. Walker, infra.*

"[T]he criminal prosecution is for the injury done to the Commonwealth, and not for the injury done to the person who may, if entitled, obtain redress through a civil action. Where there is but one act of cause of injury, or death of a number of persons, there is but one injury to the Commonwealth, but where the acts or causes are separate, they are separate injuries to the peace and dignity of the Commonwealth."

*Walker, supra,* 468 Pa. at 331, 362 A.2d at 231 (quoting *Commonwealth v. Veley,* 63 Pa.Super. 489, 496 (1916)). Moreover, "[i]t has long been understood that separate statutory crimes need not be identical—either in constituent elements or actual proof—in order to be the same." *Adams, supra,* 296 Pa.Super. at 32, 442 A.2d at 281 (quoting *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)). Our review of the rape and IDSI statutes involved in this case reveals that not only are they similar in intent and application, but they are *identical* in *every* case involving forcible male on male intercourse. As such, imposing two sentences for one act of penile penetration is illegal under the double jeopardy clause of the United States Constitution.

Our Crimes Code defines rape as follows:

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious,

(4) who is so mentally deranged or deficient that such person is unable to give consent.

18 Pa.C.S.A. § 3121. Sexual intercourse under § 3121 "in addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." *Id.* at § 3101. IDSI, similarly, is defined as follows:

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious;

(4) who is so mentally deranged or deficient that such person is incapable of consent; or

(5) who is less than sixteen years of age.

*Id.* at § 3123. Deviate sexual intercourse is "sexual intercourse per os or per anus between human beings who are not husband and wife, and any form of sexual intercourse with an animal." *Id.*, § 3101.

Reading the definitions of "sexual intercourse" and "deviate sexual intercourse" together, it is abundantly clear that, as between non-married persons, any act of forcible oral or anal sex is proscribed by both the rape and IDSI statutes. In fact, there are only two differences between rape and IDSI: (1) rape proscribes non-consensual sexual intercourse in "its ordinary meaning" (vaginal intercourse) or "traditional rape," and (2) IDSI proscribes deviate sexual intercourse with any person under sixteen. Otherwise, the statutes are identical. As applied to male on male forcible "intercourse," moreover, there is absolutely no difference between the two. Every time a man has forcible intercourse with another man (necessarily per anus or per os), he has both raped and committed involuntary sexual deviate intercourse. It is impossible for him to rape another man without committing IDSI, nor can he commit IDSI without raping him. The two crimes are identical.

Our courts, in an apparent effort to maintain some type of meaningful distinction between rape and IDSI, have been reluctant to acknowledge the clear import of the statutes' language. In *Commonwealth v. Romanoff*, 258 Pa.Super. 452, 392 A.2d 881 (1978), a jury convicted defendant of rape and IDSI. The evidence indicated that although defendant forced his victim to perform oral sex, he unsuccessfully attempted to have vaginal intercourse. The trial court arrested judgment on defendant's rape conviction, but allowed the IDSI convic-

tion to stand. Defendant argued that the IDSI conviction violated double jeopardy because the rape and IDSI statutes are virtually identical:

> Although novel, appellant's argument misses the mark. He was not placed in double jeopardy because he was alleged to have committed upon the complainant two different acts: "involuntary deviate sexual intercourse" by placing his penis inside her mouth, and "rape" by allegedly forcing his penis into the vagina. The proof of rape failed to establish penetration, and it was clearly correct for judgment to have been arrested as to the verdict of guilty of rape. We are not impressed by appellant's refusal to acknowledge that deviate sexual intercourse differs from sexual intercourse, as it is considered in its ordinary meaning, because of its aspect of deviateness. What may be an ambiguity in the definitions of actions made criminal will not cloud our applying common sense understanding to the facts. It was not error for appellant to have been indicted and tried for the instant two crimes, albeit that proof of the rape charge did not sustain conviction on that charge.

*Id.* at 459–60, 392 A.2d at 884–885. This reasoning was followed in *Commonwealth v. Pifer*, 284 Pa.Super. 170, 425 A.2d 757 (1981), where the defendant, who had forcibly performed vaginal and oral intercourse on his victim, claimed that his convictions for rape and IDSI should merge for sentencing purposes. We rejected his claim:

> We once again hold that the language defining the crime of rape refers to sexual intercourse in its ordinary meaning. By forcibly placing his penis in the victim's vagina, appellant committed the crime of rape, and by forcibly engaging in oral sex with the victim, he committed involuntary deviate sexual intercourse. Appellant's acts constituted two separate and distinct crimes, and he was therefore properly charged with both rape and involuntary deviate sexual intercourse.

*Id.* at 184–85, 425 A.2d at 764.

Although these cases are clear in their application—a defendant may be held accountable for separate acts of penetration

during the course of one criminal episode—what is not so clear is whether we have chosen to ignore the clear language of 18 Pa.C.S.A. § 3101, which defines "sexual intercourse" as including anal and oral sex, or whether it just never came up. For example, in *Pifer, supra,* the defendant engaged in one act each of vaginal and oral intercourse. The question there was not whether the act of oral sex could be considered "rape" under the statute, but only whether each act of penetration could be punished separately.

Although the prosecutor in *Pifer* charged defendant with one count each of rape and IDSI, he could just as easily have charged defendant (under the statute, but perhaps not under the Court's reasoning) with two counts of rape. Had Pifer insisted that two rape sentences for two acts of penetration violated double jeopardy, our answer would have been the same as it was in the actual case: "no, double jeopardy was not violated because you committed two acts of rape," or, in terms of the statutory language, two acts of "sexual intercourse by forcible compulsion." But to suggest that the prosecutor could have charged the defendant with, and sentences could have been imposed for, both rape and IDSI for one act of oral intercourse is not only unfair, but unconstitutional as well.[4] Whatever the *Romanoff* and *Pifer* courts meant by insisting that only vaginal intercourse could be "rape," we cannot question that they would vacate two sentences imposed for the same act.

We draw this conclusion because the distinction between seeking rape and IDSI convictions for different instances of sexual penetration and seeking multiple punishments for the same single act of penetration has not been lost when the issue was in point. In *Adams, supra,* the defendant committed two acts of oral intercourse and one act of vaginal inter-

4. To analogize this scenario to Lee's case: Pifer committed one act of vaginal intercourse and one act of oral intercourse. If the prosecutor had charged Pifer with rape and IDSI for the oral penetration and another count of rape for the vaginal intercourse, then Pifer would have received three sentences for committing two acts of penetration. Likewise, Lee received eight sentences based on four acts of penetration. This cannot be.

course on his victim. He was convicted and sentenced for two counts of IDSI and one count of rape. We held that the sentences did not violate double jeopardy: **"Although rape and involuntary deviate sexual intercourse may constitute the same crime for purposes of the double jeopardy clause,** where the defendant's actions constitute separate injuries to the 'peace and dignity of the Commonwealth,' then each act may be punished separately." *Adams*, 296 Pa.Super. at 28, 442 A.2d at 279 (emphasis added). What was foreshadowed in *Adams* appeared in *Commonwealth v. Smith*, 313 Pa.Super. 138, 459 A.2d 777 (1983). In *Smith*, the defendant (or his co-conspirator) penetrated the male victim's anus with his penis, and the jury found defendant guilty of rape, IDSI, and indecent assault. We held that the evidence was sufficient to sustain the convictions for all three offenses, but held that he could only be sentenced for one:

> [t]he same act constitutes the basis for all three convictions. Consequently, we find that the three offenses merge. It is well-established that a conviction for indecent assault will merge with rape. However, for the most part, rape and involuntary deviate sexual intercourse will constitute separate offenses. In the present case only one act was committed, and it is this act which serves as the basis for both convictions. Under these circumstances we would find the two offenses merge.

*Id.* at 160, 459 A.2d at 788 (citations omitted).[5]

The import of *Adams* and *Smith* seems quite clear. Our discussion of whether a defendant may be sentenced twice for one act of penetration, however, cannot end until we have discussed *Commonwealth v. Hitchcock*, 523 Pa. 248, 565 A.2d

---

**5.** Although the Court's use of the term "merger" is confusing in that merger usually connotes one crime being necessary to prove a greater crime, it was nonetheless proper. "Merger" is also the term employed for cases where multiple punishments are imposed for the same act. *Commonwealth v. Artis*, 294 Pa.Super. 276, 439 A.2d 1199 (1982). In such a case, sentence is imposed for the crime graded the highest, and the "lesser" sentences are vacated. *Id.* at 282, 439 A.2d at 1202. Since rape and IDSI are both first degree felonies (further testament that these two crimes are identical) we will vacate Lee's IDSI sentences because the trial court imposed the IDSI sentences last.

1159 (1989), our Supreme Court's most recent attempt to tackle the IDSI/rape merger problem. In *Hitchcock*, the defendant was on trial for rape, IDSI, indecent assault, and corruption of minors. Although the facts are not entirely clear, it is apparent that the defendant sexually molested his daughter. He committed several acts of oral and anal intercourse during the course of doing "everything his sordid imagination could contrive." *Id.* at 250, 565 A.2d at 1159. The trial court held that the assaults merged for purposes of sentencing because they were "a bundle of evils." Our Supreme Court disagreed, holding that "separate penetrations charged on the same occasion may be separately punished." *Id.* Although this holding seems uncontroversial, the court's opinion contains the following language:

> The appellant was separately charged and convicted of involuntary deviate sexual intercourse and for that he was properly sentenced. Involuntary deviate sexual intercourse is not a lesser included offense of rape and when there is charged one or more forcible penetrations of a man or woman they are separate offenses under that section.

*Id.* at 252–53, 565 A.2d at 1162.

It is difficult to tell what this language means, because as we have discussed at length, it is clear that IDSI is not a "lesser included offense" of rape. In the vast majority of cases, most pertinently in cases such as Lee's here, IDSI is *identical* to rape. Justice Papadakos, in concurrence, insightfully explained that despite some of the lingering notions that "rape" is a crime that can be committed only by men against women (the thread that seems to connect some cases from this Court as well as *Hitchcock*'s majority opinion), it is a gender neutral crime that encompasses IDSI in most cases:

> First, the crimes of Rape (3121) and Involuntary Deviate Sexual Intercourse are overlapping to the extent that they both include acts of oral and anal sex. There is no gender distinction between them. The distinctions are traditional but not definitional. The act of rape can be committed by penetration however slight by penis or by mouth by either sex upon either sex. A male can rape a female by his

penetration of any of the victim's orifices; a male can rape a male in the same fashion; and, similarly, a female can rape another female or male as well. (In Pennsylvania, regrettably, penetration by an artificial instrument or digit is not rape but does constitute indecent assault).

The only distinction between the two statutes is that under Deviate Sexual Intercourse a victim below the age of 16 cannot consent to the act. Although the overwhelming number of these crimes are committed by penis-vaginal penetration, that is merely a statistical and historical circumstance. The Commonwealth is free to charge under Rape or Deviate Sexual Intercourse. Both are felonies of the first degree. Charges are filed per assault per orifice. We should not be confused by the fact that customary usage of the term "rape" refers to a male committing vaginal penetration of a female, nor by the usual designation of sodomy as a deviate crime.

*Id.* Given this clarification, we read the majority's opinion to hold nothing more than we have already determined—a defendant can commit multiple criminal acts during one episode if he commits multiple penetrations. *See Commonwealth v. Vanderlin,* 398 Pa.Super. 21, 580 A.2d 820 (1990) (punishments for attempted IDSI and attempted rape sustainable when evidence indicates that defendant touched victim's mouth with penis and told her he intended to rape her). It should not be interpreted, however, to allow multiple punishments for one penetration.

The source of the problem in these cases is that, in practice, most Commonwealth prosecutors charge criminal defendants with rape in cases of vaginal intercourse and IDSI in cases of anal and oral sex. Although this practice is entirely consistent with our statutes and with the broad language in many appellate opinions, courts and prosecutors alike must recognize that what history might designate as "traditional rape" has been modified by the legislature so that rape now includes sexual acts that are also covered by the IDSI statute. Prosecutors should certainly have discretion to charge a defendant with all crimes relevant to his conduct. Prosecutors cannot,

however, take advantage of the overlap—perhaps oversight— in the laws to impose multiple punishments on a citizen when he has actually committed only one crime. It is this exploitation which is expressly forbidden by our constitution.

In this case, Lee was accused of having committed two acts each of forcible anal and oral intercourse with Healey. The Commonwealth could have charged Lee with having committed four rapes, four acts of involuntary deviate sexual intercourse, or any combination of the two crimes. Instead, it charged him with four counts each of rape and IDSI; Lee was convicted, and the trial court sentenced him on all eight counts. Since Lee was punished twice for each act of penile penetration, he was sentenced in violation of the double jeopardy clause of the United States Constitution. The IDSI sentences, which were imposed concurrent to the sentences for rape, must be vacated.

It is so ordered. Judgment of sentence otherwise affirmed.

HESTER, J., concurs in the result.