HUDOCK, Judge:
 

 This is an appeal from the judgment of sentence imposed after Appellant was convicted in a jury trial of two counts of indecent assault.
 
 [1]
 
 Timely filed post-trial motions were denied and Appellant was sentenced to concurrent terms of not less than six months nor more than one year for the first count, and not less than one year nor more than two years for the second count of indecent assault. This direct appeal followed. We affirm the Appellant’s convictions, but vacate the judgment of sentence on Count I, and affirm the judgment of sentence of Count II.
 

 The record sets forth the following relevant facts: On January 29, 1991, Trooper Robert Snook of the Pennsylvania State Police filed an affidavit of probable cause alleging that on several occasions, between October and November of 1990, Appellant indecently assaulted his thirteen-year-old paper boy. Based on Trooper Snook’s affidavit, Magistrate Robert A. Shoff found sufficient probable cause to issue a warrant for Appellant’s arrest. Following a preliminary hearing on February 27,1991, before Magistrate Ronald J. Horner, Appellant was held for trial on two counts of indecent assault and released on a $2,500 bond. The Commonwealth filed a criminal information on March 21, 1991, charging that “between September and November 1990”, Appellant had indecent contact with the victim who was under fourteen years of age. The information listed two separate counts of indecent assault and cited three subsections of the indecent assault statute, 18 Pa.C.S. Section 3126, as alternative bases of liability. Count I alleged that 1) the victim did not consent to such indecent contact;
 
 [2]
 
 and, 2) Appellant knew that the victim suffered from a mental disease or defect which rendered him incapable of appraising the nature of his conduct.
 
 [3]
 
 Count II alleged that
 
 *70
 
 Appellant had indecent contact with the victim who was under fourteen years of age.
 
 [4]
 
 On May 5, 1992, a jury convicted Appellant of both counts of indecent assault. Appellant filed a post-trial motion in arrest of judgment, as well as a supplemental motion for a new trial, arguing that he found new evidence that Magistrate Robert A. Shoff had a personal family relationship with the victim, thus warranting a new trial. An evidentiary hearing was held on March 23, 1993 to determine if Appellant was entitled to a new trial based on the claim that Magistrate Shoffs son, Scott Shoff, lived with the victim’s mother, Joanne May Ertwine. On July 1, 1993, the trial court denied Appellant’s post-trial motion and motion for a new trial.
 

 Appellant asserts the following issues for our review:
 

 I. WAS THE VERDICT AGAINST THE EVIDENCE AND THE WEIGHT OF THE EVIDENCE?
 

 II. DID THE FAMILY AND PERSONAL SITUATION OF MAGISTRATE SHOFF, VIS-A-VIS THE ALLEGED VICTIM AND HIS MOTHER, INVOLVE A VIOLATION OF APPELLANT’S RIGHTS TO HAVE THE EXISTENCE OF PROBABLE CAUSE BE DECIDED BY A NEUTRAL AND DETACHED MAGISTRATE?
 

 III. DID THE TRIAL COURT ERR IN LIMITING APPELLANT TO THREE (3) REPUTATION WITNESSES?
 

 IV. DID THE TRIAL COURT ERR IN CHARGING THE JURY, AS REQUESTED BY THE COMMONWEALTH, THAT CONSENT IS NO DEFENSE TO A SEXUAL ASSAULT?
 

 V. WAS THE IMPOSITION OF TWO (2) CONCURRENT SENTENCES FOR CONVICTIONS OF DIFFERENT SUBSECTIONS OF THE INDECENT ASSAULT STATUTE AN ILLEGAL SENTENCE?
 

 Appellant first alleges that the verdict was against the weight and the sufficiency of the evidence. Although Appellant addresses this question as one issue for review, Appellant has raised two separate issues. We will first address Appel
 
 *71
 
 lant’s claim that there was insufficient evidence to sustain the guilty verdict.
 

 In reviewing a challenge to the sufficiency of the evidence, we must determine “whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth [as verdict-winner], the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.”
 
 Commonwealth v. Jackson,
 
 506 Pa. 469, 472-73, 485 A.2d 1102, 1103 (1984). “This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.”
 
 Commonwealth v. Hardcastle,
 
 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988),
 
 cert. den., 493 U.S.
 
 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). The facts and circumstances established by the Commonwealth “need not be absolutely incompatible with defendant’s innocence, but the question of any doubt is for the jury unless the evidence ‘be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.’ ”
 
 Commonwealth v. Sullivan,
 
 472 Pa. 129, 150, 371 A.2d 468, 478 (1977)
 
 (quoting Commonwealth v. Libonati,
 
 346 Pa. 504, 508, 31 A.2d 95, 97 (1943)).
 

 Appellant claims that the Commonwealth failed to produce sufficient evidence to prove beyond a reasonable doubt that he indecently assaulted the purported victim. Appellant claims that the victim’s testimony is unreliable due to the fact that he suffers from a brain stem injury and exhibits apparent learning difficulties. Appellant contends that the victim was “quite confused” when subject to direct examination. Appellant’s Brief, at p. 16. Appellant implies that the victim may have confused him with another criminal defendant, Mr. Thomas Schnars. The record reveals that on December 17, 1990, Mr. Schnars entered a plea of guilty and was sentenced to jail for involuntary deviate sexual intercourse involving the same young boy who is the alleged victim in this case. Furthermore, Appellant argues that the direct testimo
 
 *72
 
 ny of the victim’s mother, Joanne May Ertwine, and Trooper Robert Snook reveals that the victim had difficulty clearly describing the alleged acts of indecent contact which led to Appellant’s arrest and subsequent conviction. Appellant argues that even if the victim was found competent to testify by the trial judge, the factfinder is not free to believe all of his allegations and accusations. He submits that “competence to testify does not end all inquiry ...” Appellant’s Brief, at p. 20.
 

 Appellant is correct in his assertion that a witness’ competency to testify is a separate issue from the witness’ credibility. “[I]t is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence.”
 
 Commonwealth v. Tate,
 
 485 Pa. 180, 182, 401 A.2d 353, 354 (1979). Contrary to Appellant’s assertion, once a witness is adjudicated competent to testify, the factfinder
 
 is
 
 free to believe all of his testimony, despite the fact that the witness has difficulty communicating or suffers from a learning disability.
 

 Upon review, the record reveals sufficient evidence to sustain Appellant’s conviction of indecent assault. The victim testified that on several occasions Appellant touched and rubbed his “private area” without permission. N.T., 5/5/92, at p. 7. Contrary to Appellant’s belief that the victim falsely accused him for acts that Thomas Schnars committed, he made it explicitly clear that he was not confusing the two men and the two criminal acts. The record reveals the following exchange during redirect examination of the victim.
 

 THE COURT: ... as you remember what happened with Mr. [Schnars] and you have testified to what happened with [Appellant] you’re sure that there were different things that happened, some things by Mr. [Schnars] and some by [Appellant]?
 

 [VICTIM]: Yeah.
 

 THE COURT: Now think very carefully.
 

 
 *73
 
 [VICTIM]: They did two different things. He did a little different. He didn’t do the same things the other one did.
 

 N.T., 5/5/92, at p. 24.
 

 The record reflects that the victim and Appellant gave conflicting versions of what occurred when the victim delivered the newspaper to Appellant’s house. The victim accused Appellant of making indecent contact with his genitals, while Appellant denied any criminal acts. The jury was free to believe either witness’ account of the story. On appeal we may not disturb it’s determination as to credibility.
 
 Commonwealth v. Payton,
 
 258 Pa.Super. 140, 145-47, 392 A.2d 723, 726 (1978). Furthermore, in a prosecution for sex offenses, a guilty verdict may rest on the uncorroborated testimony of the victim. 18 Pa.C.S. § 3106;
 
 Commonwealth v. Cody,
 
 401 Pa.Super. 85, 89, 584 A.2d 992, 993 (1991),
 
 alloc. den.,
 
 527 Pa. 622, 592 A.2d 42.
 

 We next examine Appellant’s claim that the verdict was against the weight of the evidence. A motion for a new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. It contends, nevertheless, that the verdict is against the weight of the evidence.
 
 Commonwealth v. Taylor,
 
 324 Pa.Super. 420, 425, 471 A.2d 1228, 1230 (1984). The trial judge has discretion to grant a new trial on this basis, and his decision will not be reversed on appeal “unless there has been an abuse of discretion.”
 
 Id.
 
 A trial court should award a new trial on the ground that the verdict is against the weight of the evidence only when the jury’s verdict is so contrary to the evidence as to shock one’s sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.
 
 Commonwealth v. Murray,
 
 408 Pa.Super. 435, 436-37, 597 A.2d 111, 112 (1991),
 
 alloc. den.,
 
 529 Pa. 668, 605 A.2d 333 (1992).
 

 Applying these standards to the instant case, we cannot conclude that Appellant’s guilty verdict shocks one’s sense of justice such that it is against the weight of the evidence. The record supports the jury’s finding of guilt.
 

 
 *74
 
 We will next address Appellant’s claim that he was denied due process because the district magistrate who determined that there was probable cause to arrest Appellant was not “neutral and detached.” Appellant alleges:
 

 the Magistrate had a son with a long-term relationship with the victim’s mother and the Magistrate participated in that relationship to the extent of being family with the boy and his mother.
 

 Appellant’s Brief, at p. 31. Appellant claims that the close association between the magistrate’s son, Scott Shoff, and the victim disqualified Magistrate Shoff from participating in Appellant’s case. Appellant contends that as a result of Magistrate ShofPs personal relationship with the victim, we must “set the legal process back to the point where the problem of the lack of a neutral Magistrate occurred and send the legal process forward from that point.” Appellant’s Brief, at p. 31.
 

 The trial court held an evidentiary hearing on March 23, 1992, after the trial court entered its verdict, to determine the nature of the relationship between Magistrate Shoff and the victim. However, the court did not address the issue of whether Magistrate Shoff was “neutral and detached” in' its opinion. Rather, it summarily dismissed Appellant’s claim as “without merit.” Trial Court Opinion, 7/1/93, at p. 5. The trial court cited
 
 Commonwealth v. Tyler,
 
 402 Pa.Super. 429, 433, 587 A.2d 326, 328 (1991), for the proposition that “[o]nce appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial[.]” In that case, the appellant, Terry Tyler, appealed from a judgment of sentence entered after a jury found him guilty of possession and delivery of a controlled substance. The appellant claimed that his preliminary hearing was constitutionally inadequate because the Commonwealth established its prima facie case by the hearsay testimony of a confidential police informant. This Court rejected the appellant’s claim and held that “[sjince the Commonwealth met its burden of proving appellant guilty beyond a reasonable doubt at trial, even if the Commonwealth had failed to establish a prima facie
 
 *75
 
 case at the preliminary hearing, it is immaterial.”
 
 Id.
 
 (citations omitted).
 

 In the case
 
 sub judice,
 
 Appellant does not claim that his preliminary hearing was defective. He alleges that the magistrate who approved the arrest warrant was not “neutral and detached” as required by the Fourth and Fourteenth Amendments of the United States Constitution. However, the analysis set forth in
 
 Tyler
 
 is applicable to Appellant’s case. Even if we were to assume that Magistrate Shoff was not “neutral and detached”, which is arguable based on the record, this does not guarantee that Appellant is entitled to a new trial.
 
 [5]
 

 In
 
 Commonwealth v. Murray,
 
 348 Pa.Super. 439, 502 A.2d 624 (1985),
 
 alloc. den.,
 
 514 Pa. 642, 523 A.2d 1131 (1987), this Court examined a similar issue. In that case the appellant argued that it was reversible error for the trial judge to permit his preliminary hearing to be held in the Holmesburg State Correctional Institution and not in a courtroom open to the public. The appellant argued that the closed preliminary hearing violated his due process rights and his right to a public.trial under the Sixth Amendment of the United States Constitution and Article One, Sections 9 and 11 of the Pennsylvania Constitution. This Court agreed that the trial court improperly closed the preliminary hearing. However, we did not agree that this necessitated a new trial since, “the remedy must be closely fashioned to suit the harm.”
 
 Murray,
 
 348 Pa.Super. 451, 502 A.2d at 630
 
 (citing Waller v. Georgia,
 
 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)). Before a remedy was fashioned in
 
 Murray,
 
 we first had to determine if “the error was cured at the trial which followed the preliminary hearing.”
 
 Id.
 
 at 629. Despite the violation of the
 
 *76
 
 appellant’s sixth amendment right to a public trial, we held that ordering a new trial would be an “empty and futile” remedy.
 
 Id.
 
 at 348 Pa.Super. 451, 502 A.2d 630. We explained:
 

 Logically, a new preliminary hearing is foolish once the evidentiary trial is completed without reversible error____ We see no reason to believe that the constitutional infirmity of the preliminary hearing infected the remainder of the trial.
 

 Id.
 

 The analysis in
 
 Tyler
 
 and
 
 Murray
 
 applies to defeat Appellant’s argument that we must “set the legal process back” to the point prior to when Magistrate Shoff approved the warrant for his arrest. Any harm that Appellant may have suffered as a result of Magistrate Shoff s personal relationship with the victim and the victim’s mother was cured at the subsequent preliminary hearing and jury trial. Appellant does not assert that he did not receive a full, fair and impartial trial. The only involvement Magistrate Shoff had with Appellant’s case was at the initial stage of issuing an arrest warrant. Magistrate Shoff did not preside at the preliminary hearing or the jury trial. Furthermore, the jury, acting as factfinder, evaluated the testimony, assessed the credibility of the witnesses, and determined that Appellant was guilty as charged. Once the guilty verdict was entered, Appellant’s argument that Magistrate Shoff should have been disqualified becomes moot.
 
 [6]
 

 Appellant’s next argument involves the number of reputation witnesses that he was permitted to call at trial. Appellant argues that by limiting him to three reputation witnesses, he “was injured in that he could not show the full scope of his good reputation in the community of his residence and the jury could possibly thereby draw adverse inferences as to the nature of his reputation.” Appellant’s Brief, at p. 22.
 

 
 *77
 
 Before any evidence is admissible in a criminal proceeding, it must be competent and relevant.
 
 Commonwealth v. Davis,
 
 381 Pa.Super. 483, 491, 554 A.2d 104, 108 (1989),
 
 alloc. den.,
 
 524 Pa. 617, 571 A.2d 380. As far as relevancy is concerned, the admissibility of evidence is a matter left to the sound discretion of the trial court. It may only be reversed on appeal if the trial court abused its discretion.
 
 Id.
 

 [7]
 

 “The decision whether or not to admit evidence which, though relevant, is merely corroborative of other substantive evidence requires a balancing test.”
 
 Id.
 
 “Corroborative evidence may be excluded if its probative value is outweighed by its potential prejudicial effect,” including the needless repetition of cumulative evidence.
 
 Id.
 

 The record reveals that Appellant called three witnesses who all attested to his reputation in the community as a peaceful, law abiding citizen. In fact, one of Appellant’s character witnesses was a retired minister from the Philips-burg Presbyterian Church. Appellant has failed to demonstrate that he was prepared to present additional witnesses to attest to his good reputation. Appellant has not made an offer of proof specifying which additional witnesses he would have called and what their testimony would have revealed. Furthermore, any additional reputation evidence would have been cumulative. Therefore, we do not find that the trial court abused its discretion in limiting Appellant to three reputation witnesses.
 

 Next we examine Appellant’s argument that the trial court erred when it charged the jury that consent is not a defense to a sexual assault.
 
 [8]
 
 Appellant claims that because he
 
 *78
 
 never raised the defense of consent at trial, it was error to charge the jury on such issue. Appellant relies on
 
 Commonwealth v. Tervalon,
 
 463 Pa. 581, 345 A.2d 671 (1975), for the proposition that “[a] trial court is not obliged to instruct a jury upon legal principles which have no applicability to the presented facts. There must be some relationship between the law upon which an instruction is required and the evidence presented at trial.”
 
 Id.
 
 345 A.2d at 678.
 

 To determine whether the trial court erred in instructing the jury, we must read the jury instructions in their entirety.
 
 Jistarri v. Nappi
 
 378 Pa.Super. 583, 588, 549 A.2d 210, 213 (1988). We will not rigidly inspect a jury charge, finding reversible error for every technical inaccuracy, but rather evaluate whether the charge sufficiently and accurately appraises a lay jury of the law it must consider in rendering its decision.
 
 Commonwealth v. Prosdocimo,
 
 525 Pa. 147, 149-50, 578 A.2d 1273, 1274 (1990). To constitute reversible error, a jury instruction must be shown to have been not only erroneous, but also harmful to appellant.
 
 Jistarri v. Nappi,
 
 378 Pa.Super. 589, 549 A.2d at 213. Furthermore, if a charge is wholly inadequate or unclear, or if it has a tendency to mislead and confuse rather than to clarify issues, a new trial will be granted.
 
 Id.
 

 In his charge to the jury the trial judge stated:
 

 With regard to the second count, indecent assault, [victim] under [fourteen], the consent of the victim is not a defense. So because of the ages here of the parties, if [victim], even if you found he consented to an indecent contact that would not be a defense in this charge.
 

 Charge of the Court, 5/5/92, at p. 14.
 

 The trial court rejected Appellant’s contention that the issue of victim’s consent was not applicable to his case. The trial court believed the charge was proper “since the jury might otherwise mistakenly believed [sic] that consent was a defense
 
 *79
 
 [to sexual assault when the victim is under fourteen years of age].” Trial Court Opinion, 7/1/93, at p. 5. We agree. In his charge to the jury, the trial judge explained that in order to find Appellant guilty of Count I, indecent assault without consent, they must find that four elements were proven beyond a reasonable doubt. One of these elements was lack of consent by the victim. Once the jury heard that lack of consent was an element of Count I, it is possible that they would mistakenly assume that consent is also an element of Count II, indecent assault where the victim is under fourteen. The trial judge’s instruction was necessary to avoid this mistaken assumption. The trial judge was not introducing a novel defense for Appellant by clarifying to the jury that lack of the victim’s consent was not an element of Count II. Examining the jury instructions in their entirety, we do not believe that the instruction regarding consent misled or confused the jury. Therefore, we find that the trial court did not commit an error by instructing the jury on the defense of consent.
 

 Finally, Appellant argues that the trial court imposed an illegal sentence when it sentenced him to a separate term of imprisonment for each count of the criminal information. The information delineated two separate counts of indecent assault, but listed three subsections of the indecent assault statute as possible grounds for liability. In the charge to the jury and verdict slip, the trial judge delineated the two counts as “indecent assault without consent” and “indecent assault, [victim] under [fourteen].” Jury Charge, 5/5/92, at p. 10. We must determine whether the Commonwealth properly charged Appellant with two separate offenses of indecent assault which may be separately punished, or whether the Commonwealth charged Appellant with one criminal offense subject to one punishment.
 

 If a trial court imposes an illegal sentence, we must correct that sentence
 
 sua sponte. Commonwealth v. Lee,
 
 432 Pa.Super. 414, 420, 638 A.2d 1006, 1009 (1994). Appellant’s claim that he has been subject to duplicative
 
 *80
 
 sentences stems from the Double Jeopardy Clause of the United States Constitution.
 
 [9]
 
 This clause prohibits the Commonwealth from punishing an accused twice for the same offense.
 
 Commonwealth v. Walker,
 
 468 Pa. 323, 331, 362 A.2d 227, 231 (1976). An individual may only be punished once for a single act which causes a single injury to the Commonwealth. The Supreme Court of Pennsylvania explained:
 

 [T]he criminal prosecution is for the injury done to the Commonwealth, and not for the injury done to the individual who may, if entitled, obtain redress through a civil action. Where there is but one act of cause of injury, ..., there is but one injury to the Commonwealth, but where the acts or causes áre separate, they are separate injuries to the peace and dignity of the Commonwealth.
 

 Id.
 
 332, 362 A.2d at 231 (citations omitted).
 
 [10]
 

 In order to support two criminal sentences, Appellant’s conduct must constitute two separate offenses or injuries to the Commonwealth. To determine the number of injuries the Commonwealth suffered as a result of Appellant’s criminal conduct, we will examine the words of the indecent assault statute. The relevant statute provides:
 

 § 3126. Indecent Assault
 

 (a) Offense defined. — A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him, is guilty of indecent assault if:
 

 (1) he does so without the consent of the other person;
 

 
 *81
 
 (2) he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct;
 

 (3) he knows that the other person is unaware that [an] indecent contact is being committed;
 

 (4) he has substantially impaired the other person’s power to appraise or control his or her conduct by administering or employing, without the knowledge of the other drugs, intoxicants or other means for the purpose of preventing resistance;
 

 (5) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him; or
 

 (6) he is over 18 years of age and the other person is under 14 years of age.
 

 (b) Grading. — Indecent assault under subsection (a)(6) is a misdemeanor of the first degree. Otherwise, indecent assault is a misdemeanor of the second degree.
 

 18 Pa.C.S. § 3126.
 

 By using the word “or” after subsection (a)(5), it is clear that the legislature contemplated six alternative bases of liability for one harm to the Commonwealth — indecent assault. If an individual violates subsection (a)(6), as opposed to one of the other five subsections of the statute, he may be subject to increased punishment since the legislature classified that subsection as a misdemeanor of the first degree. Even though subsection (a)(6) is a misdemeanor of the first degree, it does not proscribe a distinct crime separate from the other subsections of the indecent assault statute.
 

 The Supreme Court of Pennsylvania applied a similar analysis in
 
 Commonwealth v. Shannon,
 
 530 Pa. 279, 608 A.2d 1020 (1992). In that case, Henry A. Shannon was convicted of rape and two counts of involuntary deviate sexual intercourse (IDSI), 18 Pa.C.S. § 3123. Shannon was sentenced to a term of ten to twenty years imprisonment on the rape count, a concurrent term of five to twenty years imprisonment on the first count of IDSI, and ten years probation on the second
 
 *82
 
 count of IDSI, which was to commence following the prison sentence. On appeal, the issue presented was, “whether the imposition of separate sentences for convictions on subsections (2) and (5) of 18 Pa.C.S. § 3128 arising from a single act constitutes an illegal sentence.”
 
 Id.
 
 282, 608 A.2d at 1021. Our Supreme Court relied on the plain meaning of the statute and observed that the statutory framework provided for alternative means of establishing a single injury. In a plurality opinion, (per opinion of Zappala, J., joined by one Justice with two Justices concurring in result, one Justice dissenting on the sentencing issue, and one Justice not participating), our Supreme Court held, “[t]he imposition of separate sentence for the two counts of [IDSI] arising from a single act was beyond the authority of the trial court.”
 
 Id.
 
 287, 608 A.2d at 1024. The Court explained:
 

 We glean from this examination that the fair import of the statute’s terms including its five subsections 18 Pa.C.S. § 3123 reveals a design to proscribe the same harm, involuntary deviate sexual intercourse. Therefore each subsection of the statute provides an alternative basis upon which the crime can be established.
 

 Id.
 
 The Court stated that its conclusion was based on the operative word “or” found between subsection (4) and (5).
 
 Id.
 

 This Court adopted the analysis used in
 
 Shannon
 
 when we interpreted the simple assault statute, 18 Pa.C.S. § 2701, in
 
 Commonwealth v. Rhoads,
 
 431 Pa.Super. 437, 636 A.2d 1166 (1994). In
 
 Rhoads,
 
 the appellant was charged and convicted of two subsections of the simple assault statute, 18 Pa.C.S. §§ 2701(a)(1) and (a)(2). After the original sentence was vacated, the trial court' resentenced the appellant to two consecutive periods of incarceration of one to two years for the two different subsections of the simple assault statute. On appeal, this Court vacated the two sentences and held, “[t]he imposition of separate sentences for the two counts of simple assault arising from a single act was an illegal sentence.”
 
 Id.
 
 443, 636 A.2d at 1169. Again, the use of the disjunctive “or” within the framework of the simple assault statute suggested that the “legislature intended each separate subsection to
 
 *83
 
 establish an alternative basis for culpability rather than each representing the commission of a separate crime for sentencing purposes.”
 
 Id.
 
 441, 636 A.2d at 1168.
 
 (See also Commonwealth v. Lee, supra,
 
 imposition of two sentences for one act of penile penetration was illegal under the double jeopardy clause).
 

 An important distinction must be made before we apply the analysis in
 
 Shannon
 
 and
 
 Rhoads
 
 to the present case. Both of those cases involve a single criminal episode. In the instant case, the victim testified that Appellant touched him on approximately ten different occasions. Despite this testimony, the Commonwealth did not specify separate acts of indecent assault in its information. Instead, the information generally charged Appellant with indecent assault between September and November of 1990. The Commonwealth listed three of the subsections of the indecent assault statute as alternative bases of liability, not as separate instances of criminal activity. If each criminal offense is separately charged, each may be separately punished.
 
 Commonwealth v. Hitchcock,
 
 523 Pa. 248, 251, 565 A.2d 1159, 1161 (1989). Because the Commonwealth failed to specify separate instances of indecent assault in the information, we find that the rationale of
 
 Shannon
 
 and
 
 Rhoads
 
 applies. Therefore, Appellant may only be sentenced for one episode of indecent assault.
 

 The fact that the two sentences were imposed concurrently does not cure the fact that they were illegal. There is no question that concurrent sentences are “cumulative” for purposes of the double jeopardy clause.
 
 Commonwealth v. Lee,
 
 432 Pa.Super. 420, 638 A.2d at 1009 n. 3.
 

 Where a correction of sentence is needed, this Court has the option of amending the sentence directly or remanding to the lower court for resentencing.
 
 Commonwealth v. Vazquez,
 
 328 Pa.Super. 86, 92, 476 A.2d 466, 469 (1984). We will not remand for resentencing since the sentences in this case are to run concurrently. Instead, we merely vacate the sentence for Count I.
 

 
 *84
 
 Appellant’s convictions are affirmed. The judgment of sentence for Count I is, vacated. The judgment of sentence for Count II is affirmed.
 

 [1]
 

 . 18 Pa.C.S. § 3126.
 

 [2]
 

 . 18 Pa.C.S. § 3126(a)(1).
 

 [3]
 

 . 18 Pa.C.S. § 3126(a)(2).
 

 [4]
 

 . 18 Pa.C.S. § 3126(a)(6).
 

 [5]
 

 . In
 
 Frisbie v. Collins,
 
 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952), the Supreme Court of the United States held that an illegal arrest or detention does not void a subsequent conviction. In
 
 Gerstein v. Pugh,
 
 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court of the United States reaffirmed that rule and held that although a suspect who is presently detained may challenge the probable cause for that confinement, he may not have his conviction vacated on the ground that he was detained pending trial without a determination of probable cause.
 

 [6]
 

 . Appellant claims that he was unaware of the relationship between Magistrate Shoff and the victim until after his guilty verdict was entered. Therefore, he argues that he could not have waived this issue. This fact does not change our analysis that once Appellant received a fair and impartial trial, any alleged defect in the issuing of an arrest warrant is moot.
 

 [7]
 

 .
 
 See also United States v. Baysek,
 
 212 F.2d 446 (3rd Cir.1954) (the limitation of witnesses whose testimony will be cumulative of that already received is a matter within the sound discretion of the trial judge).
 

 [8]
 

 . We recognize that in order to preserve for appellate review a claim that the trial judge erred in his instructions to the jury, a party must specifically object to the charge when it is given at trial. “Failure to do so results in a waiver of any claim of error in the charge.”
 
 Painter v. Pennsylvania Electric Company,
 
 368 Pa.Super. 334, 336, 534 A.2d 110, 111 (1987),
 
 alloc. den.,
 
 520 Pa. 576, 549 A.2d 136 (1988). In this case,
 
 *78
 
 Appellant alleges that his trial counsel was ineffective for failing to object at trial to the judge’s instruction regarding consent as a defense. Because Appellant has framed it as an ineffective assistance claim, we will consider the merits of his claim.
 

 [9]
 

 . The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states via the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb.”
 
 Commonwealth v. Adams,
 
 296 Pa.Super. 24, 28, 442 A.2d 277, 279 (1982)
 
 (quoting Brown v. Ohio,
 
 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)).
 

 [10]
 

 . We note that
 
 Commonwealth v. Frisbie,
 
 506 Pa. 461, 485 A.2d 1098 (1984), purported to overrule
 
 Walker
 
 to the extent that it applied to cases where a single criminal act affects multiple victims. Because there is only one victim in this case, the above-quoted language from
 
 Walker
 
 is still binding precedent.
 
 See, Commonwealth v. Lee, supra.