J-S21001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ALVAREZ, | |
| Appellant | No. 1967 EDA 2013 |

Appeal from the Judgment of Sentence June 28, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010755-2010

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 10, 2015**

Robert Alvarez appeals from the aggregate judgment of sentence of seventy-seven and one-half to 155 years incarceration after a jury found him guilty of rape of a child, involuntary deviate sexual intercourse ("IDSI") of a child who is less than thirteen years of age, unlawful contact with a minor, sexual assault, and corruption of a minor.  We affirm.

Louis Colon was walking at the Frankford High School football field in Philadelphia with his friend Vanessa Gonzalez on July 3, 2010.  While walking he became suspicious of a van in the area with a New York license plate.  Accordingly, he approached and peered inside.  He saw a young boy inside the van sitting atop a mattress.  Mr. Colon also witnessed Appellant exit the van before reentering.  The van began to shake a little bit and Mr. Colon heard whispering inside.  Concerned, Mr. Colon telephoned the police.

---

* Retired Senior Judge assigned to the Superior Court.

Two officers, Officer Ryan Pownall and Officer Joanne Bondiskey responded in separate vehicles. Mr. Colon alerted the officers to the van and informed them that a small boy was being sexually assaulted. Officer Pownall opened the side door of the van and, upon tearing down a curtain, he observed the victim kneeling on a mattress pulling up his pants. Behind the victim, also attempting to pull up his pants, was Appellant. Officer Bondiskey confirmed that both Appellant and the victim had their pants down and unzipped and that Appellant was attempting to pull up his pants.

Officer Pownall pulled Appellant from the vehicle, who resisted and the officer struck him three times in the face. The police arrested Appellant, whose pants, according to Mr. Colon and Ms. Gonzalez, were still below his waist when he was removed from the van. Mr. Colon related that the victim was crying, scared, and barefoot when police removed him from the van. Officers Bondiskey and Pownall also provided that the victim was hysterical and crying. Semen was found on the victim's clothing, but DNA testing on that evidence was not completed.

The victim indicated to police that he knew Appellant, who was a family friend. According to the victim, he was playing basketball when Appellant drove up and asked him if he wanted to go buy fireworks. The victim then asked his mother if he could go with Appellant. Appellant then took the victim to McDonald's, where they ate. Thereafter, Appellant drove

to the Frankford High School football field area and parked his van. Appellant entered the back of the van and put his penis in the victim's mouth. Additionally, the victim maintained that Appellant placed the victim's mouth on Appellant's penis. In addition, he stated that Appellant licked his anus and offered him $50 to have anal sex.

The Commonwealth charged Appellant in its criminal complaint with general charges of rape, IDSI, unlawful contact with a minor, unlawful restraint, false imprisonment, statutory sexual assault, sexual assault, endangering the welfare of a child ("EWOC"), simple assault, luring a child into a motor vehicle, indecent assault, indecent exposure, corruption of a minor, and recklessly endangering another person ("REAP"). That complaint specified the allegations as follows:

> At or near 5000 Rutland Street the Defendant engaged in deviate sexual intercourse by forcible compulsion or threat of same with [B.R.] (12 years old) by luring the complainant into the back of his van for the purpose of engaging in a sexual offense with a minor. Once the defendant had the complainant in the back of his van, the Defendant pulled down his pants and forced the complainant to perform oral sex on him (complainant's mouth on Defendant's penis). The Defendant then pulled down the complainant's pants and put his mouth on the complainant's penis. The Defendant then inserted his tongue inside of the complainant's anus and attempted to insert his penis inside of the complainant's anus (at which time the Defendant was interrupted by police discovery of the Defendant's actions).

Criminal Complaint, 7/4/10, at 2. Hence, Appellant was placed on notice that he was being accused of engaging in improper sexual relations with a child less than thirteen.

At the conclusion of the preliminary hearing, the court held over charges of rape by forcible compulsion, IDSI by forcible compulsion, unlawful contact with a minor, unlawful restraint, statutory sexual assault, sexual assault, false imprisonment, EWOC, luring a child into a motor vehicle, corruption of a minor, indecent assault by forcible compulsion, indecent exposure, simple assault, and REAP. Subsequently, the Commonwealth filed a thirteen count criminal information. In count one, the Commonwealth charged Appellant pursuant to 18 Pa.C.S. § 3121(A)(1), and asserted that Appellant engaged in sexual intercourse with a complainant by forcible compulsion or "[w]here the complainant was less than 13 years of age." Criminal Information, 9/1/10, at 1. It further stated,

> Rape of a Child: Notice is hereby given that the Commonwealth further intends to proceed under 18 §§ 3121 (c), (d) & (e) providing that rape of a child less than 13 years of age shall be punishable by a maximum of 40 years imprisonment and rape of a child less than 13 years of age resulting in serious bodily injury shall be punishable by a maximum sentence of life imprisonment.
>
> Notice is hereby given that the Commonwealth intends to proceed under 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses).

*Id*. Similarly, in count two, the Commonwealth averred that Appellant engaged in IDSI by forcible compulsion or with a complainant less than thirteen years of age and further alleged,

> Involuntary Deviate Sexual Intercourse with a Child. Notice is hereby given that the Commonwealth further intends to proceed under 18 §§ 3123(b), (c) & (d) providing that involuntary deviate sexual intercourse with a child less than 13 years of age shall be punishable by a maximum of 40 years imprisonment and involuntary deviate sexual intercourse with a child less than 13 years of age resulting in serious bodily injury shall be punishable by a maximum sentence of life of life imprisonment.
>
> Notice is hereby given that the Commonwealth intends to proceed under 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses).

*Id*.

Appellant represented himself at trial, with the assistance of stand-by counsel. Following the jury trial, the jury found Appellant guilty of rape of a child, involuntary deviate sexual intercourse ("IDSI") of a child who is less than thirteen years of age, unlawful contact with a minor, sexual assault, and corruption of a minor.[1] The court then imposed sentence on June 28, 2013. Specifically, it imposed consecutive mandatory minimum sentences, under 42 Pa.C.S. § 9714,[2] of twenty-five to fifty years incarceration for the

---

[1] The remaining charges were *nolle prossed* and did not go to the jury.

[2] Since the mandatory sentencing statute related solely to prior convictions ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), this Court's severability
*(Footnote Continued Next Page)*

charges of rape of a child, IDSI of a person less than thirteen, and unlawful contact with a minor.[3]  It further sentenced Appellant to two and one-half to five years imprisonment for the corruption of a minor count.  The court did not impose a sentence for sexual assault.  Appellant did not file a post-sentence motion, but timely appealed on July 9, 2013.  The court appointed new counsel for purposes of appeal and directed that a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal be filed and served on the court.  Appellant complied, and the court authored its Rule 1925(a) opinion.  The matter is now ready for this Court's review.[4]

> I.    Is the Defendant entitled to an arrest of judgment on the charge of [r]ape as the Commonwealth did not prove either [sic] charge beyond a reasonable doubt and there is insufficient evidence to sustain the verdict?

*(Footnote Continued)* ————————————

decisions applying *Alleyne*, *see Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), do not apply.

[3] Although the jury was charged and returned its verdict on charges of rape of a child and IDSI of a child less than thirteen, the commitment papers and sentencing order cited to rape by forcible compulsion and IDSI by forcible compulsion.  Appellant did not object to the court's jury instructions, but at sentencing claimed for the first time that the Commonwealth improperly amended his criminal information. The trial court addressed this issue in its Rule 1925(a) opinion, and Appellant has abandoned it on appeal.

[4] Appellant sought to proceed *pro se* before this Court.  We remanded for a *Grazier* hearing.  The trial court conducted such a proceeding and determined that Appellant was not knowingly, intelligently, and voluntarily waiving his right to counsel.

II.    Is the Defendant entitled to a new trial as the result of prosecutorial misconduct when the prosecutor argued "ejaculation" when ejaculation was never demonstrated nor proven during the Commonwealth's case?

III.   Is the Defendant entitled to a remand to the [s]entencing [c]ourt for a new [s]entencing [h]earing as the [c]ourt imposed a manifestly excessive sentence of 77 ½ to 155 years which abused the discretion of the [c]ourt?

IV.    Is the Defendant entitled to a remand to the [s]entencing [c]ourt for a new [s]entencing [h]earing as a result of legal errors in sentencing where the [c]ourt considered improper sentencing factors and did not confine its analysis to sentencing norms and more specifically where the [c]ourt said that it could "only imagine in terms of all the other children that he has abused."

Appellant's brief at 3.

Appellant's initial claim is a challenge to the sufficiency of the evidence on the rape charge.  In performing such a review, we consider all of the evidence admitted, even improperly admitted evidence.  **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*).  We view the evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth.  **Id**.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented."  **Id**.  When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim

will fail. *Id*. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. *Id*. This Court does not "re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id.*

Appellant's argument on appeal is different from the issue he leveled in his Rule 1925(b) statement. There, he asserted that the evidence was insufficient under *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993), *i.e.*, the conviction was based on conjecture and mere surmise. However, Appellant now maintains that an individual cannot be found guilty of both rape and IDSI based on the same act. In essence, Appellant is leveling a merger or double jeopardy type position. Indeed, he contends that the General Assembly did not intend for the same act to subject a person "to 50 to 100 years instead of 25 to 50 years in the state prison." Appellant's brief at 8. He continues by noting that the trial court concluded that Appellant was not subject to double jeopardy.

To the extent Appellant is contesting that the evidence introduced against him was insufficient to establish the elements of both crimes, that issue is waived due to his failure to advance such a position. While Appellant's actual argument here was not proffered below, insofar as it

relates to merger and double jeopardy concerns, we address it as a non-waivable illegal sentencing question. **See Commonwealth v. Kelly**, 78 A.3d 1136 (Pa.Super. 2013).

Appellant relies on **Commonwealth v. Lee**, 638 A.2d 1006 (Pa.Super. 1994). **Lee**, however, supports his sentence for both rape and IDSI. In **Lee**, the defendant sodomized the victim twice and coerced the victim into performing oral sex on two occasions. The Commonwealth charged the defendant with four counts each of rape and IDSI, and the court sentenced him on all eight counts. In vacating the judgment of sentence, however, the **Lee** Court recognized that separate acts can support multiple sentences. **See Lee**, **supra** (citing **Commonwealth v. Romanoff**, 392 A.2d 881 (Pa.Super. 1978); **Commonwealth v. Pifer**, 425 A.2d 757 (Pa.Super. 1981); **Commonwealth v. Adams**, 442 A.2d 277 (Pa.Super. 1982); **Commonwealth v. Hitchcock**, 565 A.2d 1159 (Pa. 1989)). The **Lee** panel itself opined, "a defendant can commit multiple criminal acts during one episode if he commits multiple penetrations." **Id**. at 1013. Thus, **Lee** could have been sentenced on four separate counts, but not eight.

Appellant's issue fails because he committed different acts to establish each of the elements of rape of a child and IDSI of a person less than thirteen. The child's testimony was that Appellant performed oral sex on the victim and made the victim conduct oral sex on Appellant, and Appellant

licked his anus. Each of these actions are separate acts that would separately meet the requirements of rape of a child and IDSI of a child less than thirteen. Since multiple acts occurred, Appellant's double jeopardy styled claim for the two separate sentences fails.

The second issue Appellant raises is that the prosecution committed misconduct by asserting during argument that Appellant had ejaculated where there was no evidence of this fact. We consider whether a new trial is warranted based on prosecutorial misconduct under an abuse of discretion standard. *See Commonwealth v. Culver*, 51 A.3d 866, 871 (Pa.Super. 2012). Here, the Commonwealth introduced evidence that semen was found on the victim's clothing. Thus, the prosecutor's argument that Appellant ejaculated is a fair inference from the evidence presented. Appellant's position is frivolous and, in fact, he cites to no case law in support of his position.

Appellant's final two issues in his statement of questions presented implicate discretionary sentencing review. First, Appellant alleges that the court erred in imposing a manifestly excessive sentence. Second, Appellant maintains that the court erred in considering improper sentencing factors in fashioning its sentence. We note that the argument portion of Appellant's brief for his third issue does not actually match the claim presented in his statement of questions presented.

Appellant contends in the argument section of his brief that the court improperly considered what Appellant may have done to other victims. Further, Appellant posits that the court erred in considering his lack of remorse. Each of these arguments do pertain to the discretionary aspects of Appellant's sentence, but he does not provide a Pa.R.A.P. 2119(f) statement with respect to those claims.

To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion, or raise the claim during the sentencing proceedings. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Further, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." **Id**. Thus, the positions articulated in the third argument section of Appellant's brief are waived. Moreover, Appellant failed to preserve any sentencing issues in a post-sentence motion. Accordingly, Appellant's additional discretionary sentencing claims are waived.

Judgment of sentence affirmed. Appellants Pro se Motion for Waiver of Counsel – Second Application is Denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015