J. S64043/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODERICK LEE, | : | |
| | : | |
| Appellant | : | No. 640 MDA 2015 |

Appeal from the PCRA Order March 24, 2015
In the Court of Common Pleas of Centre County
Criminal Division No(s).: CP-14-CR-0001032-1991

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 24, 2015**

*Pro se* Appellant, Roderick Lee, appeals from the order entered in the Centre County Court of Common Pleas denying his fourth Post Conviction Relief Act[1] ("PCRA") petition as untimely. We affirm.

Appellant "was accused of forcibly sodomizing a" sixteen-year old fellow inmate at Rockview State Prison.[2] On January 27, 1992, a jury found him guilty of multiple counts of rape,[3] simple assault, involuntary deviate

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Commonwealth v. Lee***, 155 HBG 1997 (unpub. memo. at 1) (Pa. Super. Dec. 9, 1997) (affirming denial of first PCRA petition).

[3] 18 Pa.C.S. § 3121(a)(1) (forcible compulsion).

sexual intercourse ("IDSI"), and corruption of a minor.[4]  The trial court imposed an aggregate sentence of twenty-three to fifty years' imprisonment, to run consecutive to any unrelated sentence Appellant was serving.

On March 16, 1994, on direct appeal, this Court affirmed the judgment of sentence in part but vacated the sentences on his IDSI counts.[5]  Because those sentences ran concurrent with his rape sentences, however, Appellant's aggregate sentence remained the same.  On August 16, 1994, the Pennsylvania Supreme Court denied Appellant's petition for *allocatur*.

Appellant filed a timely first PCRA petition, which was denied.[6]  In 1998 and 2005, Appellant filed two additional PCRA petitions, and in 2008 filed a motion for writ of *habeas corpus*.[7]  All were denied.

On January 16, 2014, Appellant filed the instant *pro se* PCRA petition, invoking the "newly discovered evidence" timeliness exception at 42 Pa.C.S. § 9545(b)(1)(ii).  He averred, without further explanation, that: (1) he discovered his trial counsel—assistant public defender Parvis Ansari, Esq.—

---

[4] 18 Pa.C.S. §§ 2701, 3123 6301.

[5] **Commonwealth v. Lee**, 638 A.2d 1006, 1013 (Pa. Super. 1994) (affirming in part and vacating in part judgment of sentence), *appeal denied*, 647 A.2d 898 (Pa. 1994).

[6] On appeal, this Court affirmed the order denying the first PCRA petition. **Lee**, 155 HBG 1997.

[7] "[W]e note that both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim." **Commonwealth v. Hackett**, 956 A.2d 978, 985 (Pa. 2008).

and assistant district attorney M. Eileen Tucker, Esq.,[8] did "not have the required and mandatory 'Oath of Office;'" and (2) these "Officials deliberately ignored their duties as [ ] public officials which convicted an innocent man." Appellant's PCRA Pet., 1/16/14, at ¶¶ 13-14. On February 24, 2014, Appellant filed an additional petition reiterating his "Oath of Office" claim, and asserting, without any further discussion, "Was the verdict finding [him] gujilty supported by the weight and sufficiency of the evidence?" Appellant's PCRA Pet., 2/24/14, at 1.

On March 6, 2014, the PCRA court issued Pa.R.Crim.P. 907(a) notice of intent to dismiss Appellant's petition without a hearing, finding the petition was filed untimely. Appellant filed a response and a motion for leave to file an amended petition. The court granted leave and Appellant filed an amended petition. The court then again issued Rule 907 notice of intent to dismiss, and formally dismissed the petition on March 24, 2015.[9] Appellant took this timely *pro se* appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

For ease of disposition, we first review the relevant standard of review and PCRA timeliness requirements.

---

[8] Attorney Tucker was not the assistant district attorney at trial. Appellant presented no explanation of her involvement in this case.

[9] We note the PCRA court granted leave on June 2, 2014, for Appellant to file an amended petition within twenty days. Appellant did not file the petition, however, until six months later, on January 16, 2015.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. . . .

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[FN] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).

_____

[FN] The [pertinent] exception[ ] to the timeliness requirement [is]:

* * *

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

* * *

42 Pa.C.S.A. § 9545(b)(1)[(ii)].

***Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 & n.1 (Pa. Super. 2013) (some citations omitted).

As stated above, the Pennsylvania Supreme Court denied allocatur on direct appeal on August 16, 1994. His judgment of sentence became final on November 14, 1994, the ninety-day deadline for seeking *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); Sup. Ct. R. 13. Appellant then generally had one year, or until November 14, 1995, to file a PCRA petition.[10] **See** 42 Pa.C.S. § 9545(b)(1). The instant petition was filed eighteen years later, on January 16, 2014. Thus, we must determine whether Appellant properly invoked the "newly discovered" timeliness exception at Section 9545(b)(1)(ii).

In its opinion, the PCRA court summarized, "[Appellant] claims his sentence is void because the assistant district attorney and the public defender involved in his case do not have an Oath of Office on file for 1992-1993 when he was convicted and sentenced." PCRA Ct Op., 5/24/15, at 3. It found Appellant's petition did "not attempt to explain why he waited until 2013 to request the oaths of office, or why he could not have attempted to obtain them sooner." **Id.** It thus found his "claim does not meet the requirements of § 9545(b)(1)(ii). We agree.

On appeal, Appellant avers the PCRA court denied his "oath of office" "claim solely on [his] not explaining the circumstances surrounding this new

---

[10] **See Commonwealth v. Thomas**, 718 A.2d 326, 329 (Pa. Super. 1998) (*en banc*) (holding legislature intended to permit otherwise untimely **first** PCRA petition to be filed within one year following effective date of 1995 PCRA amendments, but that exception was not intended to apply to subsequent petitions regardless of when first petition was filed).

evidence." Appellant's Brief at 1. He then claims, for the first time, the following.[11] He "presented this new evidence within the 60 day requirement under § 9545(b)(2)." *Id.* He states he was at the Graterford correctional institution on August 29, 2013, was "transferred to the State Prison at Forest," and the "information that he was waiting for from the Right-To-Know-Office, pertaining to the Oath of Office was" sent to his old address at Graterford. *Id.* at 2. He claims he received the information on December 30, 2013, and filed his PCRA petition within sixty days on January 16, 2014. We find no relief is due.

We agree with the PCRA court that Appellant's instant PCRA petition, as well as his amended petition, failed to explain why the information he requested—whether certain attorneys had "oaths of office" in 1992—could not have been acquired before or during trial with the exercise of due diligence. We thus further agree that Appellant cannot proceed under the "newly discovered evidence" timeliness exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii). Accordingly, we hold the PCRA court did not err in finding Appellant's petition is time-barred and denying relief. *See Hernandez*, 79 A.3d at 651.

Order affirmed.

---

[11] *See Commonwealth v. Bedell*, 954 A.2d 1209, 1216 (Pa. Super. 2008) (stating claims not raised in PCRA court are waived and cannot be raised for first time on appeal).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2015